R. P. WELLS and Others v. WILLIAM E. MOSES.[1]

November 21, 1902.

Nos. 13,183—(105).

New Trial—Misconduct of Counsel.

A new trial herein is granted on account of prejudicial statements made to the jury by the counsel of the prevailing party.

Action in the district court for Grant county to recover $140, and interest, upon a promissory note. The case was tried before Flaherty, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiffs appealed. Reversed, and new trial granted.

W. H. Townsend and R. A. Stone, for appellants.

E. J. Scofield, for respondent.

START, C. J.

Action to recover upon a promissory note for $140. The answer admitted the execution of the note, but alleged, in effect, that it was without consideration, and was given as a payment for interest upon a promissory note of $700, which was usurious. The principal question litigated on the trial was whether the note sued on was given as a part of a usurious transaction, and the trial court instructed the jury that, if such were the case, the defendant was entitled to a verdict. The jury returned a verdict for the defendant, and the plaintiffs appealed from an order denying their motion for judgment notwithstanding the verdict, or for a new trial.

The plaintiffs assign a large number of errors, but, in view of the conclusion we have reached, it is necessary to refer to only two of the questions raised by them. The first is that the answer does not allege facts constituting a defense. It is not a model pleading, but the question of its sufficiency was raised for the first time on the trial, and it may fairly be inferred from its allega-

[1] Reported in 92 N. W. 334.

tions that the note in question was given for no other considera-
tion than as a payment of interest upon a usurious note, which the
plaintiffs, by false representations, induced the defendant to be-
lieve was a valid note, and that he was legally liable to pay it.
We hold that the answer is sufficient.

The other question is whether the trial court ought not, in the
exercise of a fair discretion, to have granted a new trial on ac-
count of prejudicial statements made to the jury by the defend-
ant's counsel. The character of the statements, the plaintiffs' ex-
ception thereto, and the action of the court thereon were as
follows:

"Plaintiffs except to the remarks on the argument of the case
to the jury by  *  *  *  attorney for the defendant, made in the
following words, or in substance, that bankers and Mr. Wells
during the years prior to 1890 were taking interest and usury in
excess of ten per cent. per annum, and as high as twenty per cent.;
that they did not even stop at that; that it was unreasonable to .
suppose that they would leave Rarer and Moses out of that course
of dealing; that yet it was hard to collect taxes from Mr. Wells
and the Grant County Bank; that the jury knew what a time they
had had in collecting taxes from the Grant County Bank. De-
fendant's counsel further. stated, in substance, that on or about
the year 1890 the people rose up in their might, and said, 'Mr.
Banker, you cannot take these amounts as usury.'

"Plaintiffs' counsel objected to these statements on the ground
that they were improper as argument to the jury.

"By the Court: I will say to the jury right now, before counsel
proceeds further, that you should entirely disregard the remarks
of counsel to which exception has been taken. They were im-
proper, and not supported by the testimony in the case, and when
you retire you should entirely disregard the remarks. And I sug-
gest that counsel try and confine his argument to the evidence in
the case."

The record shows that the plaintiffs were partners under the
firm name of Grant County Bank, and the defendant a farmer;
that the $700 note claimed to be usurious purported to be signed by
the firm of Moses & Rarer, which consisted of the defendant and
Mr. R. F. Rarer, but had been dissolved prior to the execution of
the $700 note, as defendant claimed; that the note was given in re-
newal of notes made prior to 1891; that the evidence as to such

original notes being usurious was radically conflicting; that Mr. Rarer testified positively that he paid a bonus thereon of ten per cent. of the amount for which the notes were given, in addition to interest at the rate of ten per cent. per annum, while the testimony on the part of the plaintiffs was equally positive, and corroborated by their account books, that only interest at the rate of ten per cent. per annum in advance was ever exacted or received on any of the notes. Such being the status of the case and the nature of the charges against the plaintiffs, it is difficult to conceive of any statement that could be made to the jury more likely to arouse their prejudices and resentment than the one made.

The person making the statement was a reputable attorney, possessing, presumably, the confidence and respect of the jury. He stated—that is, testified to—them as a fact that the plaintiffs, during the time covered by the transactions the jury were to pass upon, were taking interest and usury as high as twenty per cent., and did not stop at that, and expressed the opinion that it was unreasonable to suppose that Rarer & Moses were an exception to such course of dealing. But this was not all, for he also stated that it was difficult to collect taxes from the plaintiffs, as the jury knew. There was nothing in the record to justify the statement. If the statement was made inadvertently in the heat of argument, he had ample opportunity to acknowledge his error, and to recall his words when they were excepted to. But he did nothing to remedy the wrong. Nor does he here seek to justify his act, but invokes the rule that improper remarks of counsel are, as a general rule, no ground for a new trial if desisted from upon objection being made, or when the court interferes.

The granting of a new trial in such cases rests largely in the sound discretion of the court. Riley v. Chicago, M. & St. P. Ry. Co., 71 Minn. 425, 74 N. W. 171. It is true in this case that counsel did not reiterate the objectionable statement, but the fact is immaterial, for the poison injected into his remarks would do its work without a repetition of the dose. We are not disposed to embarass counsel in the discharge of their duties by any unreasonable limitations upon their freedom of action and speech.

"An advocate may make himself the alter ego of his client, and indulge in prejudice in his favor. He may even share his client's prejudices against his adversary so far as they rest on the facts in his case. But he has neither duty nor right to appeal to prejudices, just or unjust, against his adversary dehors the very case he has to try. The very fullest freedom of speech within the duty of his profession should be accorded to counsel; but it is license, not freedom of speech, to travel out of the record, basing his argument on facts not appearing, and appealing to prejudices irrelevant to the case and outside of the proof." Brown v. Swineford, 44 Wis. 283.

It is only in exceptional cases that the action of the trial court in denying a motion for a new trial on account of improper statements by counsel to the jury will be reversed by this court. But we are of the opinion that the remarks of counsel in this case were of such a character that, in view of the issue being tried and the evidence of the respective parties, there is little probability that the admonition of the trial court and its instruction to the jury destroyed their prejudicial influence on the jury, and that, in the exercise of a fair discretion, the court ought to have granted a new trial for this reason. Belyea v. Minneapolis, St. P. & S. S. M. Ry. Co., 61 Minn. 224, 63 N. W. 627.

Therefore the order appealed from must be reversed in so far as it denies the plaintiffs' motion for a new trial, and a new trial granted. So ordered.