SVEND IVERSON BJORAKER v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY and Another.[1]

February 21, 1908.

Nos. 15,444—(138).

**New Trial—Language of Attorney.**

In an action to recover damages for personal injuries, the order of the trial court denying the motion for a new trial is reversed, and a new trial granted, because of improper and prejudicial language used by the plaintiff's attorney in his address to the jury.

Action in the district court for Freeborn county to recover $20,000 damages for personal injuries. The case was tried before Kingsley, J., and a jury which returned a verdict in favor of plaintiff for $5,000. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed.

, 1 Reported in 115 N. W. 202.

*Chas. E. Vroman,* for appellants.
*Lovely & Dunn,* for respondent.

ELLIOTT, J.

This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant railway company. The plaintiff recovered a verdict and the appeal is from, an order denying the defendants' motion for judgment notwithstanding the verdict or for a new trial.

We regret to. say that it is necessary to send this case back for a retrial because of the misconduct of counsel for the plaintiff in using improper and prejudicial language in his address to the jury. Among other things, the plaintiff's counsel said:

"Is it natural—is it just—to want this jury to kick him out with a bill of costs, and send him and his poor old mother back in their hopelessness and in their helplessness; she with her advancing years and he with his hideous deformity? Then some day a special will pass along the line, and a lot of silk-stockinged, black-hearted fellows will be sitting in there smoking high-priced cigars and drinking good whiskey, and stock selling at $1.82—I draw this contrast because I want you to join with us in a holy and wholesome crusade against such injuries as this. We take the cases of these unfortunates. We can bring them into court and present them to you; but we are helpless if we do not have your help. If we do not have your help, must we sell out? Sell out? You (turning to counsel) have not money enough in your coffers to hire Judge Lovely and myself; but we want the juries to co-operate with us in a manly and earnest effort to do justice. We can bring these cases to you; but if you will go out and strike down with a great two-edged sword in your hands that helpless creature we must all quit."

By the Court: "Mr. Dunn, I think you are trespassing somewhat in this line."

"If there be one of you—if there be two of you—who are inclined to take a narrow view of this question of damages, stop and think. Stop and think that for that two hours that the railroad lawyer talked and that I talked to you the earnings of the great Milwaukee system

103 M.—26

will pay for all the verdict which you give him. So we ask you to give him the earnings of two hours of the great corporation."

By Mr. Carlson: "I object to the remarks of counsel that two hours of the earnings of the Milwaukee road will pay any verdict this jury may render, upon the ground that the same is prejudicial— on the ground that the same is not made upon the testimony in the case, and is outside of the record, and I request that the jury be instructed to disregard it, and that counsel be instructed not to go outside of the testimony in the case."

By the Court: "The court will suitably instruct the jury when we arrive at that point upon that question."

The court evidently overlooked the matter, and made no reference to it in his charge to the jury. Other matters appear in the record which lead us to believe that the trial was not conducted by counsel in the systematic and orderly manner which is necessary for the impartial weighing and consideration of evidence. The language quoted is entirely inexcusable. If attorneys will persist in indulging in such intemperate and unwarranted speeches to juries, they must expect that the verdicts which are obtained will be set aside. Martin v. Courtney, 81 Minn. 112, 83 N. W. 503; Wells v. Moses, 87 Minn. 432, 92 N. W. 334; Bremer v. Minneapolis, St. P. & Sault Ste. M. Ry. Co., 96 Minn. 469, 105 N. W. 494.

There can be no pretense of serious justification for this language, and it was necessarily prejudicial. Its manifest purpose and effect were to excite the prejudices and arouse the passions of the jurors. It does not assume to be fair comment on the evidence, or upon anything even remotely deducible from the evidence. It does not assume to characterize the conduct of any party or witness in the case. It is simply an appeal to passion and prejudice, calculated to carry the jury beyond the case and induce a verdict for a large amount against the railway company, on the ground that the plaintiff is poor and unfortunate and the defendant is able to pay.

The order is therefore reversed, and a new trial granted.