## PETER N. FOLTMER v. FIRST METHODIST EPISCOPAL CHURCH OF ST. CLOUD and Others.[1]

October 9, 1914.

Nos. 18,745—(242).

**Building contract — construction of "mill work."**

    The contract for the construction of a church building provided that certain of the windows of the building should be set with art or cathedral glass. A subcontractor agreed to furnish all "mill work" for the structure. It is *held* that, on the evidence presented to the court below, the question whether the contract to furnish the "mill work" included the cathedral glass should have been disposed of by the trial court as a question of fact, or mixed law and fact, and a finding made thereon.

Action in the district court for Stearns county to foreclose plaintiff's lien for $833.50 for materials upon the real estate of defendant corporation. The case was tried before Roeser, J., who made findings that plaintiff was not obliged under his contract to furnish the

[1] Reported in 148 N. W. 1077.

    127 M.—9.

art or cathedral glass provided for in the specifications, but was bound to set the art glass in the window frames and to supply certain rolling curtains provided in the plans and specifications, and ordered judgment in favor of plaintiff for the sum of $578.50 and a lien upon the premises, and directed a sale of the real estate to satisfy the amount due and an allowance of $25 as attorney's fees. From an order denying their motion for a new trial, defendants appealed. Remanded with directions.

*J. D. Sullivan,* for appellants.

*R. B. Brower,* for respondent.

BROWN, C. J.

Defendant Steckling was awarded the contract for the construction of the Methodist Church at St. Cloud, and he in turn entered into a contract with plaintiff, under and by which plaintiff contracted and agreed to furnish all "mill work" for the building. Subsequent to the completion of the edifice this action was brought by plaintiff, the subcontractor, to foreclose a mechanic's lien which he had perfected against the building for material furnished by him. Judgment was ordered for plaintiff and defendants appealed from an order denying a new trial.

The real controversy in the action is between plaintiff and defendant Steckling. By his contract plaintiff agreed to furnish all mill work for the building for the sum of $1,600. Certain of the windows were, according to the plans for the building, to be set with art or cathedral glass, the value of which was fixed by the specifications at $300. Defendant Steckling, as contractor for the entire building, was under obligation to the church society to furnish this glass, as well as all other material. He contended on the trial that plaintiff's contract to furnish the "mill work" included this glass, and that, since he did not furnish it, the amount of his claim should be reduced to the extent of its value, namely, $300. If not so reduced, then the amount must be paid by Steckling. Plaintiff claims that his contract to furnish the mill work did not include this glass, and that he was under no obligation to furnish the same. So the case, as here presented, narrows down to this single issue: Did plaintiff's

contract impose upon him the obligation to furnish the cathedral glass?

The term "mill work" as used in building contracts has a well defined and well understood meaning. As applied to window sash, it includes ordinary glass properly set into the sash and ready to be placed in position in the building. This seems to be conceded by plaintiff. Whether the term includes glass of the kind here in question, art or cathedral glass, was a disputed question on the trial. Both parties called witnesses upon the subject, who gave their opinion, either as builders and contractors, or as mill workers, that cathedral glass was included in the term and that it was not. The witnesses were not agreed. Their opinions were expressed with reference to this particular contract which simply called for "mill work," in connection with the specifications forming a part of the building contract, and not from any usual or common custom in respect to the subject. The evidence as thus presented was conflicting, presenting a question of fact. The trial court did not consider it, and held as a matter of law that cathedral glass was not included within plaintiff's contract, and judgment was ordered for the full amount of his claim.

We are of opinion, and so hold, that the question whether cathedral glass was included within plaintiff's contract, to furnish the "mill work" of the building, should not on this record have been disposed of as a matter of law from a construction of the contract alone. If the case had been submitted upon the written contract, together with the building plans and specifications, no doubt the question would have resolved itself into one of construction for the court. And though if it be conceded that the contract, as found in written specifications, is not ambiguous, and therefore not open to parol explanation, a concession not entirely free from doubt, we are quite clear that the evidence above referred to, showing a diversity of opinion among the builders and mill workers upon the question, all of which was offered and received without objection, made the rights and obligations of the parties thereunder sufficiently uncertain as to require a consideration of the evidence and a finding upon the issue, one way or the other, as one of fact or mixed law and fact. Such

a finding was requested by defendant and refused by the court. In this we hold that the learned trial court erred.

There would seem, however, no reason for granting a new trial of the action, thus prolonging the litigation and adding further expense to the litigants, and the cause will be remanded with directions to the court below to find, upon the present record, as a question of fact whether plaintiff's contract included the cathedral glass, and to direct the entry of judgment in accordance therewith. We are not to be understood, however, as directing any particular finding upon the question. The court below will make the finding according to its own views of the evidence, construed in connection with the written contracts, and all the facts disclosed by the record.

The allowance of attorney's fees was within the discretion of the court.

The cause is remanded accordingly.