## F. E. SMITH v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 2, 1916.

Nos. 19,672—(92).

**New trial for misconduct of counsel — refusal to charge jury.**

    1. Whether a new trial should be granted for misconduct of counsel in his argument to the jury, is usually within the sound discretion of the trial court; but it is error to refuse to charge the jury, upon request, to disregard improper remarks of counsel, and when such remarks constitute substantial prejudice a new trial will be ordered by this court, and in this case it is *held* that the misconduct of counsel was such as to require a new trial.

**New trial as to amount of damages only.**

    2. A new trial may be had of less than all the issues when the trial is erroneous only as to a part of them; and in this case it is *held* that the misconduct of counsel affected the issue as to the amount of damages, and not that of liability, and that a new trial should be had only of the amount of damages.

    Action in the district court for St. Louis county to recover $10,000 for personal injury received while in the employ of defendant. The case was tried before Stolberg, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict in favor of plaintiff for the amount demanded. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered upon the verdict, defendant appealed. Reversed.

    *M. L. Countryman* and *Baldwin, Baldwin & Holmes,* for appellant.
    *W. P. Crawford* and *W. A. Watts,* for respondent.

[1]Reported in 158 N. W. 46.

---

Note.—As to effect of action of court regarding improper reference by counsel, see note in 38 L.R.A.(N.S.) 1134.

On reversal of conviction because of unfair or irrelevant argument or statements of fact by prosecuting attorney, see note in 46 L.R.A. 641.

DIBELL, C.

Action to recover for personal injuries. There was a verdict for the plaintiff. The alternative motion of the defendant for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered on the verdict the defendant appeals.

1. The plaintiff was a freight conductor in the employ of the defendant. He claims, and his evidence tended to show, that he was injured in a fall from a car, and that his injuries resulted in traumatic neurosis. His condition was the subject of expert testimony. A physical examination was had during the progress of the trial. Counsel for the plaintiff was present at it. Dr. Hill, who made the examination, was a witness for the defendant and testified as to what he found. His testimony was important evidence for the defendant.

The settled case shows the following proceedings at the argument to the jury: "In the course of his argument Mr. Crawford said to the jury in substance that he (Mr. Crawford) was present during a physical examination of plaintiff held in Dr. Wiseman's office at Pine City and saw that Dr. Hill, one of defendant's expert witnesses, did not get the plaintiff in a proper position to make the test of the patellar reflex." The defendant took exception to the statement and asked the court to instruct the jury to disregard it. A colloquy between the court and counsel followed. Counsel did not withdraw his statement. The court did not then or later charge relative to it. The settled case futher shows this: "During the closing portion of his argument and within three minutes of its close, Mr. Crawford said to the jury, in substance, it was their duty, or proper or advisable, for them to strike back at the defendant by returning a verdict for big money." Exception was taken to this argument and the court was requested to instruct the jury to disregard it. No instruction was given.

That the conduct of counsel constituted legal misconduct does not permit a suggestion of doubt. It is not subject to argument. We waste no time in a discussion of it. The important question is whether the misconduct was so serious that a new trial should result. The occasion for the argument of counsel asking a verdict for "big money" does not clearly appear. From the brief of the plaintiff we gather that it was made in referring to the attitude of the defendant in denying liability and charging

133 M.—13.

the plaintiff with wrongdoing and malingering, and was something in the nature of a suggestion of retaliation. With the record no more definite than it is this remark, as an independent ground for a new trial, should be disregarded. In Hundley v. Chadick, 109 Ala. 575, 19 South 845, an argument very like it, the record being definite as to what occurred and the occasion of it, was held such misconduct as required a new trial. We consider it only in connection with the earlier remarks. A new trial is not granted because of the misconduct of counsel unless substantial prejudice results. The object of a new trial is not discipline. That the granting of a new trial is a deterrent of other misconduct is an incidental result. A new trial is not granted because it discourages misconduct. It is granted because the conduct of counsel interferes with the administration of justice to the substantial prejudice of the rights of a litigant. This court does not restrict nor embarrass counsel in presenting a case to a jury from the partisan viewpoint of his client. Quite the contrary is the fact. 3 Dunnell, Minn. Dig. § 9799, and cases cited. Nor does the court consider the jury, charged with an important part in the law's administration, so susceptible to improper argument and so incapable of putting aside its natural or intended effect that a sufficient charge of the court may not remove the harm which otherwise might be done. Not every improper argument made by counsel in his hour of opportunity in closing to the jury constitutes such misconduct as necessarily brings a new trial.

Whether there should be a new trial is not determined by a fixed rule but is largely, sometimes the cases say almost wholly, within the sound judgment of the trial court, which is in much the better position to determine whether substantial prejudice results. See 2 Dunnell, Minn. Dig. § 7102, et seq. "The granting of a new trial in such cases rests largely in the sound discretion of the [trial] court." Wells v. Moses, 87 Minn. 432, 92 N. W. 334. But where the language of the argument is not justified by the record and is prejudicial in its tendency, it is the duty of the court, when requested, to direct the jury to disregard it. A failure to do so is error, and, if the remarks are substantially prejudicial, a new trial should be granted by this court, and the prejudice may be such as to require a new trial notwithstanding a cautionary instruction of the trial court. Wells v. Moses, 87 Minn. 432, 92 N. W. 334; Fisher v. Weinholzer, 91 Minn. 22, 97 N. W. 426; Bremer v. Minneapolis, St. P. & S. Ste. M. Ry.

Co. 96 Minn. 469, 105 N. W. 494; Bjoraker v. Chicago, M. & St. P. Ry. Co. 103 Minn. 400, 115 N. W. 202. Cases in other jurisdictions are of like effect. Appel v. Chicago City Ry. Co. 259 Ill. 561, 102 N. E. 1021, reversing 172 Ill. App. 421; Hoffman v. New York Rys. Co. 84 Misc. 637, 147 N. Y. Supp. 900; Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 16 South 538; Pelham & H. R. Co. v. Elliott, 11 Ga. App. 621, 75 S. E. 1062; Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S. W. 1121; Nelson v. Forty-Second St. M. & St. N. Ave. Ry. Co. 55 Misc. 373, 106 N. Y. Supp. 552; 38 Cyc. 1506, and cases cited.

An argument stating as proved a fact which is not in evidence or stating something within counsel's knowledge as a fact, is necessarily wrong. The court should have charged the jury to disregard the remarks of counsel. Its failure to do so was error. The remarks were presumably of substantial prejudice. The verdict was for $10,000. This was the amount asked in the complaint. If the plaintiff's claim as to the extent of his injuries was true, he was entitled to substantial damages. The testimony in behalf of the defendant minimized them. The misconduct of counsel bore directly upon the question of damages. We do not hold that the effect of counsel's misconduct might not have been avoided by counsel or by the trial court. That question is not before us for there was no endeavor on the part of either to remove the harm. The remarks of counsel were not withdrawn and they met with no condemnation from the bench. Counsel's misconduct was so serious that a new trial must be had.

2. The remarks of counsel were directed to matters affecting the amount of damages. The testimony of Dr. Hill was directed to the extent of the injuries of the plaintiff. Its bearing, if any at all, upon the question of liability is so slight as to be negligible. Upon a motion for a new trial there may in a proper case be a new trial of a part only of the issues. Coolbaugh v. Roemer, 32 Minn. 445, 21 N. W. 472; Chicago B. & N. R. Co. v. Porter, 43 Minn. 527, 46 N. W. 75; Cobb v. Cole, 44 Minn. 278, 46 N. W. 364; Sauer v. Traeger, 56 Minn. 364, 57 N. W. 933; Buck v. Buck, 122 Minn. 463, 142 N. W. 729. A new trial may be had of certain items of a claim evidence as to which was erroneously excluded. Hagstrom v. McDougall, 131 Minn. 389, 155 N. W. 391. Or a new trial may be restricted to the amount of damages. Stevens v. Wisconsin Farm Land Co. 124

Minn. 421, 145 N. W. 173. In the case at bar the plaintiff claimed that he was injured through the coming loose of one end of a handhold on top of a freight car which caused him to fall. He was employed in interstate commerce at the time. The Safety Appliance Act applied. If the handhold was defective the defendant was liable irrespective of negligence. The defendant claimed that the plaintiff had been insubordinate and was subject to discipline and on the night of his injury loosened one end of the handhold, and, claiming to be hurt by a fall, feigned his injuries. The question of liability was passed upon by the jury. The evidence in behalf of the defendant was not convincing. A verdict fixing the liability of the defendant was one to be expected. No other would likely ever result. There were some irregularities and perhaps errors in the introduction of evidence but there was nothing prejudicial. The charge of the court was fair. The issue of liability was satisfactorily determined in favor of the plaintiff, and it ought not to be relitigated unless there be a substantial reason for it. The remarks of counsel found to constitute misconduct could not have had an appreciable effect upon the issue of liability. There should not be a retrial of any question except that of the amount of damages. Upon that issue the defendant has not been accorded a fair trial.

The judgment is reversed with directions to grant a new trial upon the amount of damages.

Judgment reversed.