PAINE & NIXON COMPANY v. UNITED STATES FIDELITY & GUARANTY COMPANY.[1]

November 24, 1916.

Nos. 19,964—(107).

**Contract — meaning of trade phrase.**
  1. The meaning in the trade of the expression "not to exceed $9.20 per thousand, brick measure," as applied to a contract for the purchase of building tile, *held* on the evidence a question of fact for the jury.

**Evidence — charge — new trial.**
  2. The evidence supports the verdict, there were no errors in the

[1]Reported in 159 N. W. 1075.

instructions to the jury, in the admission or exclusion of evidence, nor abuse of discretion in denying a new trial on the ground of newly discovered evidence.

Action in the district court for St. Louis county to recover $1,710.70 upon defendant's bond as surety upon a building contract. The case was tried before Dancer, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Courtney & Courtney,* for appellant.

*Washburn, Bailey & Mitchell,* for respondent.

BROWN, C. J.

The Boyd Construction Company, a corporation, was awarded the contract for the construction of a public school building at Ely, this state. To secure the faithful performance of the contract, and the payment of all labor and material employed and used in the work of construction, the contractor executed the bond required by section 8245, G. S. 1913, with defendant as surety. Plaintiff sold to the contractor certain material for use in the building, and brought this action against the surety to recover an alleged unpaid balance due therefor. Defendant had a verdict, and plaintiff appealed from an order denying its alternative motion for judgment or a new trial.

The questions presented by the appeal are: (1) Whether the verdict is supported by the evidence; (2) whether the court erred in its instructions to the jury; (3) whether there were any errors in the rulings of the court in the admission or exclusion of evidence, and (4) whether the court erred in denying a new trial on the ground of newly discovered evidence. We dispose of the questions in the order stated.

1. The contract called for the use of certain building tile in the construction work, and the contractor purchased the same of plaintiffs, who were selling agents of the manufacturer. The terms and provisions of the contract of purchase were in dispute by the pleadings, and also by the evidence submitted on the trial; in fact, this controversy furnished the main issue in litigation. It was the contention of plaintiff that the contract price of the material was agreed upon and fixed at $138.82 per thousand pieces. This was disputed by defendant, and the claim on its

part was that the price agreed upon was the amount above stated per thousand pieces, with an express limitation that the cost should "not exceed $9.20 per thousand, brick measure." Our examination of the record leads to the conclusion that the evidence made this an issue of fact, and that the verdict is sufficiently supported. The contract was made up in the main by documentary evidence, and though the documents do not leave the question free from doubt, and there are some items of evidence tending strongly to support plaintiff's theory of the contract, as a whole the evidence required the submission of the question to the jury. A discussion of the evidence would serve no useful purpose.

The parties were also in dispute as to the meaning of the term "brick measure." This question also was properly submitted to the jury. The evidence was squarely conflicting. Plaintiff claimed and offered evidence to show that the term meant in the trade the cubical contents of brick compared with tile, at a ratio of fifteen to one, while defendant insisted that the proper meaning of the expression is the space occupied by brick laid in the wall of a building, at the ratio of twelve brick to one tile. As stated the evidence was conflicting and for the jury. Foltmer v. First M. E. Church of St. Cloud, 127 Minn. 129, 148 N. W. 1077. Under plaintiff's theory and contention of the meaning of the contract, there was undoubtedly a balance due it in some amount for the tile furnished; but under defendant's theory plaintiff has been paid in full, and the verdict for defendant was proper. In so finding the jury necessarily accepted the evidence of defendant as to the terms and meaning of the contract. The trial court approved the verdict by denying a new trial, and within the rule guiding us in such cases we are not prepared to say that the evidence is clearly and manifestly in favor of plaintiff's claim. The verdict must therefore stand, unless the record presents error of a character to require a new trial.

2. The instructions of the court in reference to the burden of proof are challenged and assigned as error. We find no reversible error in the instructions complained of. The complaint was so framed as to permit a recovery by plaintiff either upon an express or implied contract; upon allegations of an express agreement as to the price of the material, or the reasonable value thereof. No application was made to require plaintiff to elect one or the other as a basis of recovery, and the trial court sub-

mitted both to the jury. In fact the court charged the jury that there were three possible theories upon which plaintiff might recover, namely: (1) Upon the theory of an express contract as to the price of the material; (2) upon the theory of the reasonable value thereof, should the jury find that there was no express contract as to price, and (3) upon the theory that the contract was as contended by defendant, namely, that the price of the material was expressly limited so as not to exceed $9.20, per thousand, "brick measure," and upon plaintiff's interpretation of the term "brick measure." In connection with these instructions the jury were required to determine just what the contract was, and the meaning of the expression "brick measure," if they found that to be a part of the contract. They were instructed that the burden of proof was upon plaintiff, and that plaintiff must establish the contract and its right to recover thereon by a fair preponderance of the evidence, and, further, that if the evidence was evenly balanced upon either of the questions submitted to them, then and in that event plaintiff must fail upon that branch of the case so evenly balanced, for in that situation plaintiff would fail in the burden of proof which it must assume in order to recover. Plaintiff complains of the instructions relative to the burden of proof, and it is insisted by counsel that the charge was erroneous, entitling plaintiff to a new trial. In this we do not concur. The charge of the court taken as a whole was a clear and comprehensive presentation of the issues involved, and the instructions as to the burden of proof were in the abstract correct in all particulars. The burden was clearly upon plaintiff to prove the contract upon which it relied for recovery, either the express agreement as to the price of the tile, or the reasonable value of the same; and if a verdict was demanded on defendant's theory of the contract, namely, that it included the brick measure limitation on the price of the material, the burden was upon plaintiff to establish its claim in respect to the meaning of that term. No complaint can therefore be made of the instructions, for taken as a whole they were correct. It is probable, though not entirely clear, that the burden was upon defendant to establish its claim that the "brick measure" clause was a part of the contract. But, conceding that it was, we are clear that there was no error in the failure of the court to so charge the jury of which plaintiff can complain. There was no exception at the trial, nor was the attention of the court then

called to this feature of the case; the exception upon which the claim of error is predicated was taken as a part of the motion for a new trial. If plaintiff thought it at all likely that the jury would go astray upon the question, a request for a specific charge should have been made. No such request was made and the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, applies. Though the answer contained allegations of matter intended as in confession and avoidance of the contract, the matters so alleged were not litigated on the trial, and the rule of the burden of proof in such a case does not apply.

3 and 4. The assignments challenging the rulings of the court in the admission of evidence do not require special mention. We have considered them all and find no error of a character to require a new trial of the action. The claim that the court erred in not granting a new trial on the ground of newly discovered evidence is not sustained. The matter was addressed to the discretion of the trial court. We discover no abuse of discretion.

Order affirmed.