GEORGE P. THOMPSON v. HARRY W. SMITH AUTO LIVERY COMPANY.[1]

May 11, 1923.

No. 23,207.

**Damages given for collision of automobile warranted by evidence.**

1. The evidence was sufficient to justify the jury in awarding plaintiff the damage he sustained as the result of the collision of his automobile with defendant's.

**Inaccuracy in use of words in charge must first be brought to trial court's attention.**

2. A verbal inaccuracy in the instructions and the use of words which might give the jury an erroneous impression as to the law cannot be urged as error where the attention of the trial court was not called thereto at the close of the charge.

**Charge not prejudicial.**

3. There was no prejudicial error in the instructions.

Action in the municipal court of Minneapolis to recover $500 for damages to plaintiff's automobile caused by the negligent driving of defendant's servant. The case was tried before Charles L. Smith, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Cray & Eaton,* for appellant.

*A. A. Tenner,* for respondent.

LEES, C.

This action grew out of an automobile collision. It was tried by a jury whose verdict was in plaintiff's favor. There was the usual

[1]Reported in 193 N. W. 593.

blended motion for judgment or a new trial and defendant has appealed from a denial thereof.

The collision took place on Clifton avenue in the city of Minneapolis. There was evidence from which the jury might find that defendant's car turned into Clifton avenue about one-half block from where the collision occurred and proceeded east on the north or wrong side of the avenue towards plaintiff's car, which was coming from the opposite direction; that the driver of plaintiff's car veered to the south to avoid defendant's car, which immediately swerved in the same direction, then both cars were swung to the north and came together. In other words, as one of the witnesses expressed it, the two cars zigzagged into each other. The left front fender and wheel of plaintiff's car were broken and the front axle bent. There was evidence to the effect that both cars were north of the center line of the avenue when they collided. In the main, the testimony of defendant's driver was contradictory to that given by plaintiff's witnesses. As usual, each driver attempted to fasten on the other all the blame for the accident. We have frequently remarked that these cases generally present little but pure questions of fact and that the jury's determination of them, when the verdict is approved by the trial court, will rarely be overturned on appeal. This is such a case and we must decline to interfere with the verdict.

Defendant asserts that there could be no recovery because no damages were shown. Plaintiff testified that the reasonable value of his car before the collision was $2,300. Asked what its value was in its damaged condition, he answered over objection: "I would say the damage was six or seven hundred dollars." The car was repaired, but plaintiff and his chauffeur testified that nevertheless it did not run right and was hard to steer. There was proof that the reasonable cost of the necessary repairs was $231.86. The jury assessed the damages at $500. We are of the opinion that the proof was sufficient to sustain the recovery of that amount. Satterlee v. Lawler, supra, page 181. Plaintiff, though not an expert, was competent to express an opinion as to the value of his property, Egekvist

v. Minnetonka & W. B. Nav. Co. 146 Minn. 474, 178 N. W. 238, and his answer to the question objected to was equivalent to stating that the car was worth $1,600 or $1,700 after the accident, and should stand since defendant did not ask to have it stricken as not responsive or in proper form.

Numerous assignments of error are directed to the instructions to the jury. The court used the word "attribute" instead of "contribute" in referring to the acts which led to the collision. This was a verbal inaccuracy not called to the court's attention as required by the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, hence the assignment raising this point cannot be considered. There was no prejudicial error in making reference to the fact that defendant had moved for a directed verdict and that the motion was denied because the court was of the opinion that a question of fact was presented which the jury should determine.

In defining negligence, the court said it was the doing or omitting to do that which an ordinarily prudent and careful person would do under similar circumstances to avoid an accident. The use of the words "to avoid an accident" is criticized. Applying the rule of Steinbauer v. Stone, supra, we hold that if counsel feared that the use of these words might give the jury an erroneous impression as to the law, they should have asked the court to clarify the definition of negligence.

Other portions of the instructions challenged by the assignments of error were substantially correct and applicable to the situation disclosed by the evidence. We find no error entitling defendant to a new trial, and, as already stated, there was sufficient evidence to support the verdict in plaintiff's favor. It follows that defendant's blended motion was properly denied.

Order affirmed.