J. H. PARRIS AND ANOTHER v. FRED E. McKAY.[1]

December 11, 1925.

No. 24,893.

**Verdict sustained.**

1. The verdict is sustained by the evidence.

**Refusal to strike testimony sustained.**

2. There was no error in refusing to strike testimony admitted without objection.

**Charge as to measure of damages.**

3. The charge relating to the measure of damages was abstractly correct. If defendant feared that the language used would mislead the jury in applying the rule to the facts of this case, he should have called attention to it at the trial, and failure to do so precludes him from raising the question now.

**New trial because of improper argument denied.**

4. Whether a new trial should be granted on account of improper remarks in the argument to the jury rests largely in the discretion of the trial court, and the record does not present a situation which would justify this court in granting a new trial on that ground.

[1]Reported in 206 N. W. 393.

1. See Exchange of Property, 23 C. J. p. 240, § 95.
2. See Trial, 38 Cyc. p. 1406.
3. See Appeal and Error, 3 C. J. p. 847, § 753; Exchange of Property, 23 C. J. p. 240, § 96; Fraud, 27 C. J. p. 109, § 271.
4. See Appeal and Error, 4 C. J. p. 837, § 2820; New Trial 29 Cyc. p. 1009.

Action in the district court for Hennepin county to recover for false representations. The case was tried before Reed, J., and a jury which returned a verdict for plaintiffs. Defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*George R. Smith, Edward J. Callahan* and *William B. Movery,* for appellant.

*Thompson, Hessian & Fletcher,* for respondents.

TAYLOR, C.

Plaintiffs had a contract for the purchase of a house and lot in the city of Minneapolis. Defendant owned a building at No. 254 Second Avenue South, the first floor of which had been used as a restaurant, and had acquired the restaurant equipment therein from a former tenant. Plaintiffs exchanged their interest in the contract for the restaurant outfit and a lease of the first floor of the building in which it was located. About a month later they abandoned the premises and the outfit, and brought this action for alleged false representations concerning them. Defendant interposed a claim for damages for alleged false representations concerning the amount paid by plaintiffs on their contract. Both issues were submitted to a jury who found for plaintiffs. The evidence is conflicting as to both issues and we find nothing which will justify us in disturbing the verdict.

Testimony was admitted without objection to the effect that the prior reputation of the premises owned by defendant was bad, and defendant cross-examined the witnesses who so testified to a considerable length. Later he made a motion to strike out this testimony, and he assigns the denial of this motion as error. Assuming,

without admitting, that the testimony should have been excluded if proper objection had been made, there was no error in refusing to strike it out after it had been received without objection and the matter had been gone into fully on cross-examination.

Defendant also insists that he was prejudiced by the charge relating to the measure of damages. He had transferred the restaurant equipment to plaintiffs and had given them a receipt for five months' rent of the restaurant premises in exchange for their interest in the house and lot. The court instructed the jury to the effect that the measure of damages was the difference between the value of the property which plaintiffs transferred to defendant and the value of the property which they received from him. The rule was correct, but defendant insists that the jury would understand this statement to mean the difference between the value of plaintiffs' interest in the house and lot and the value of the restaurant equipment, and that the court ought to have told them that the value of the five months' rent allowed to plaintiffs should be included with the value of the restaurant equipment. No objection to the manner in which this question was submitted was made at the trial. At the close of the charge the court asked whether there was anything further that either counsel desired the court to charge. Defendant then asked the court to instruct in respect to a 5/6 verdict which the court did. Defendant asked nothing more. If he feared that the jury might receive an erroneous impression from the statement of the rule as made by the court, we think that he should have called attention to it at the time, and that the rule announced in Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, and followed in numerous subsequent cases, precludes him from now raising the question. See Dun. Dig. § 9798.

Defendant also complains of misconduct on the part of plaintiffs' attorney in his argument to the jury. An affidavit of one of defendant's attorneys sets forth statements alleged to have been made by plaintiffs' attorney but, as this affidavit was not included in or made a part of the settled case, it is not a part of the record and cannot be considered by this court.

Plaintiffs had asked that the jury be permitted to go to the building and view the restaurant equipment. Defendant does not appear to have made any objection, but the court denied the request saying that a year had passed and the condition might not be the same. The record shows that in the course of his argument plaintiffs' attorney made this statement:

"We offered and would be glad to have you go down to 254 Second Avenue South and see everything as it now is. We are willing you should look it over, every bit of it. We have nothing to conceal."

Defendant took exception to this statement on the ground that there was no evidence that the condition then was the same as at the time of the transaction. The objection was not made on the ground that it was improper to call attention to such a matter. If plaintiffs' attorney had given the jury to understand that the reason for not permitting an inspection was because defendant opposed it they might have drawn an inference therefrom unfavorable to him, but the statement was not to that effect. Defendant also took exception to three other remarks of plaintiffs' attorney as not justified by the testimony, but the language used by the attorney is not shown by the record.

The trial court is in a better position than this court to determine whether improper remarks made in argument were likely to affect the result, and whether a new trial should be granted on that ground rests largely in the discretion of that court. Smith v. G. N. Ry. Co. 133 Minn. 192, 158 N. W. 46; Hammel v. Feigh, 143 Minn. 115, 173 N. W. 570; Johnson v. Brastad, 143 Minn. 332, 173 N. W. 668; Wrabek v. Suchomel, 145 Minn. 468, 177 N. W. 764; Mullen v. Devenney, 149 Minn. 251, 183 N. W. 350. A new trial on such a ground is granted only because of prejudice to the adverse party. The trial court ruled to the effect that no prejudice resulted from the remarks of counsel, and under the cases above cited they were not of a character which would justify this court in granting a new trial.

Defendant also insists that the damages are excessive. We cannot say that they exceed the amount which, under the evidence, the jury could award.

Order affirmed.