## MARY ELLEN EICHHORN v. ADOLPH LUNDIN AND OTHERS.[1]

November 18, 1927.

No. 26,291.

**Injury resulting from collision of motor vehicles—Instructions to jury—Contributory negligence.**

In an action for personal injuries arising out of an automobile collision, *held*:

(1) The evidence was sufficient to support a finding of defendant's negligence.

(2) Plaintiff was not guilty of contributory negligence as a matter of law.

(3) A proper instruction with respect to contributory negligence is: If the plaintiff failed to exercise the care that a person of ordinary prudence would have exercised under similar circumstances he was guilty of negligence; and if that negligence contributed proximately in any degree to the injury as a cause, he was, in law, guilty of contributory negligence and cannot recover.

(4) An instruction embracing the statutory rates of speed which make a prima facie case of negligence, when such speed continues for

[1]Reported in 216 N. W. 537.

a distance of one-tenth of a mile, is without prejudice to the defendant when the record fails to show that such speed continued for that distance.

It is the duty of the court to decide whether there is any evidence to which a rule of law may be applicable.

(5) Under the evidence the court appropriately instructed the jury as to the duty of a driver—

(a) To give a signal for making a left-hand turn; and

(b) To travel to the extreme right side of the street approaching an intersection when intending to turn to the right.

(6) Upon the facts stated in the opinion, the consideration by the jury of a chart which was received on condition that an unauthenticated mark thereon be removed, which was not done, was harmless.

(7) The misconduct of plaintiff's counsel was not of such character as to require a new trial.

(8) An inquiry of the jurors as to their connection with a certain insurance company, without any showing that defendant carried any insurance with such company, was under the circumstances stated in the opinion harmless.

Appeal and Error, 4 C. J. p. 691 n. 86; p. 952 n. 78; p. 958 n. 80; p. 959 n. 81; p. 991 n. 33; p. 1025 n. 71; p. 1033 n. 37; p. 1034 n. 39; p. 1037 n. 76; p. 1167 n. 94; p. 1173 n. 72.

Juries, 35 C. J. p. 394 n. 34, 45.

Motor Vehicles, 42 C. J. p. 1136 n. 64; p. 1233 n. 27; p. 1235 n. 31; p. 1243 n. 2 New; p. 1261 n. 38; p. 1262 n. 39; p. 1282 n. 8.

Negligence, 29 Cyc. p. 511 n. 73; p. 512 n. 79; p. 526 n. 95; p. 630 n. 48; p. 631 n. 54; p. 640 n. 13; p. 653 n. 21; p. 655 n. 34.

New Trial, 29 Cyc. p. 776 n. 27.

Trial, 38 Cyc. p. 1495 n. 87; p. 1497 n. 4; p. 1693 n. 55; p. 1694 n. 57.

Defendants appealed from an order of the district court for Blue Earth county, Harry A. Johnson, J., denying their alternative motion for judgment or a new trial. Affirmed.

*H. L. & J. W. Schmitt* and *Charlotte Farrish,* for appellants.

*John E. Regan,* for respondent.

WILSON, C. J.

Defendants appealed from an order denying their alternative motion for judgment non obstante or a new trial. The action is for

injuries arising out of a collision between plaintiff's auto and defendants' truck.

Belgrade avenue runs through North Mankato from the west making a turn to the southeast at an angle of about 60 degrees. To the point of turning it is 40 feet wide, thereafter wider. Just before the turn, Cedar street runs into it from the north. River street is located at substantially where the avenue would have been had it continued east instead of making the turn.

We state the facts on the theory most favorable to plaintiff which has the jury's approval. Plaintiff drove west on the avenue at from four to six miles per hour. The truck came from the west at from 18 to 20 miles per hour. It was 5:45 p. m. and dark. A street light hung over the south curb of the avenue at the turn. Both cars traveled in substantially the middle of the avenue. Both drivers knew the avenue was icy at and near the turn. Plaintiff was driving slowly because of the ice, which she described: "It was all just a straight sheet of ice." She first saw the glaring lights of the truck a quarter of a block away. The driver of the truck saw plaintiff's lights but did not realize that a collision was threatened until within 15 feet of plaintiff's car. He claimed he turned to his left because plaintiff was to the left of the middle of the street and there was not room for him to turn to the right. Plaintiff testified that the truck turned to the left apparently to turn into Cedar street and that she turned her car to the left to go by the rear part of the truck. As the truck was turning to the left it skidded on the icy avenue and came in contact with plaintiff's car causing her injuries. The accident occurred just west of the light pole, and thereafter plaintiff's car was ten feet from the south curb and the truck was standing at a right angle headed toward Cedar street.

1. The evidence supports the apparent finding of the jury that the driver of the truck approached the turn in the known icy avenue at an unreasonable speed, in the presence of plaintiff, and without having the truck under control.

2. The claim that plaintiff was guilty of contributory negligence as a matter of law cannot be sustained. She had reason to suppose

the truck was going to slow down for the turn no matter which direction it was to turn. She had a right to assume that the driver would use reasonable care at the turn. Another element for the consideration of the jury was the turning of the truck toward Cedar street, and plaintiff's explanation of her subsequent turn to the left, as well as the improbability of a collision had there been no skidding.

Defendants' contention rests largely on the assertion that plaintiff was to her extreme left side of the avenue, which is denied by others.

It is only in the clearest of cases when the facts are undisputed and it is plain that all reasonable men can draw but one conclusion that the question of contributory negligence becomes one of law. Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 211 N. W. 580; Klare v. Peterson, 161 Minn. 16, 200 N. W. 817. Human conduct resulting in part from confusion incident to automobile lights usually presents a problem which is best solved by a jury. Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 211 N. W. 580.

3. The court instructed the jury:

"Contributory negligence * * * is a failure on the part of the person injured by the negligence of another to exercise ordinary or reasonable care to avoid the injury and without which the injury would not have occurred. * * * If you should find that the accident resulted from and was proximately caused also by the contributory negligence of the plaintiff * * * your verdict should be for the defendant."

Neither sentence is correct. It is not correct to say that plaintiff's negligence, to bar a recovery, must be such that "without which the injury would not have occurred." That would make it the proximate cause. The phrase was used in Wherry v. D. M. & N. Ry. Co. 64 Minn. 415, 67 N. W. 223, as descriptive of the plaintiff's negligence in that particular case, but without the intention of expressing an essential element of contributory negligence. It was not included in the statement of contributory negligence in Corbin v. W. & St. P. R. Co. 64 Minn. 185, 66 N. W. 271, nor in

Torkelson v. M. & St. L. R. Co. 117 Minn. 73, 134 N. W. 307. Nor is our attention called to any other case, in which it has been used. It is used in Dun. Dig. § 7012. Its use by a trial court was apparently disapproved in Ready v. Peavy Elev. Co. 89 Minn. 154, 94 N. W. 442.

The second sentence in the charge as quoted states that if the accident "resulted" from the contributory negligence plaintiff could not recover. That also would mean that plaintiff's negligence must be the proximate cause in order to bar a recovery.

There are two necessary elements in contributory negligence: First, a want of ordinary care; and second, a causal connection between plaintiff's conduct and the accident. The rule is that a plaintiff's negligence is sufficient to bar a recovery if it proximately contributes to the result in any degree. The court should tell the jury in plain and simple words that if the plaintiff failed to exercise the care that a person of ordinary prudence would have exercised under similar circumstances he was guilty of negligence; and that if his negligence contributed proximately in any degree to the injury as a cause, he was, in law, guilty of contributory negligence and can not recover.

Defendants did not ask for such instruction nor was any exception taken to this part of the charge. The erroneous charge was a mere inadvertence which counsel at the time should have called to the court's attention. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754; Murphy v. Collins, 155 Minn. 290, 193 N. W. 468; Manley v. Connolly, 155 Minn. 343, 193 N. W. 590; Thompson v. Harry W. Smith Auto Livery Co. 155 Minn. 358, 193 N. W. 593; Peterson v. G. N. Ry. Co. 159 Minn. 308, 199 N. W. 3; Old Colony Life Ins. Co. v. Moeglein, 165 Minn. 117, 205 N. W. 885; Parris v. McKay, 165 Minn. 241, 206 N. W. 393; Schmitt v. U. S. F. & G. Co. 169 Minn. 106, 210 N. W. 846.

4. The court instructed the jury as to the statutory rates of speed for one-tenth of a mile which make a prima facie case of negligence. This is assigned as error because no witness testified as to speed for such distance. However, it embraced a correct statement of the law which is generally known to laymen, and its un-

necessary presence in the case cannot be considered harmful. Indeed it was favorable to defendants in that it included the requirement of distance which the evidence failed to establish.

It was for the court and not the jury to determine whether the statute was applicable. John L. Rowan & Co. v. Hull, 55 W. Va. 335, 47 S. E. 92; Anderson v. Oregon R. Co. 45 Or. 211, 77 P. 119. In the instant case that question was left to the jury, but there was no prejudice.

5(a)   The court instructed the jury as to the duty of a driver to give a signal for making a left-hand turn. This is assigned as error. It is said that there is no evidence of any intention of making any such turn. There is evidence that the truck driver did make a left-hand turn, and the inference is permissible that it was not due to an effort to avoid the collision. He had hauled gravel from Cedar street and over Belgrade avenue for several days and had turned at this point 12 times on the day of the accident, but he claimed that at the time of the accident he intended to continue on the avenue into Mankato. The instruction was proper.

(b)   The evidence permits a finding that the truck traveled in the middle of the avenue. This made it proper for the court to instruct the jury that it is the duty of a driver intending to turn to the right at an intersection to drive to the extreme right side of the street approaching the intersection. The location of the truck may have had a bearing on which way he intended to turn. Substantial justice does not call for much consideration of the technical objection to the court's including the unimportant and inappropriate but harmless statement that the driver should not make a right turn when another vehicle traveling in the same direction is on his right.

6.   Plaintiff had an engineer prepare a map, exhibit A. It was prepared to show the location of the streets and the physical facts at and near the place of accident. The engineer designated by a black mark the place of accident although he did not know where it had occurred. The court received the exhibit in evidence provided the mark be removed or erased. No effort was made to have

it removed. The court sufficiently instructed the jury as to its unworthy character. All the evidence showed the accident to have been at a place other than the location of this mark. The assignment is without merit.

7. A new trial is asked on the ground of misconduct of counsel. He commented upon defendants' counsel having objected to the jury's viewing the place of accident. This was improper. The court promptly told the jury to disregard it.

During the trial a witness, when asked how fast the truck was going, answered, "Just like all Lundin trucks." The answer was stricken. In the argument counsel made reference to this as though it remained in the record. It is doubtful if this was an inadvertence. But the court then informed the jury that the statement had been stricken and was to be disregarded.

There was misconduct. The court did its duty to destroy the effect thereof. There is nothing however to indicate prejudice, and the litigants cannot be subjected to repeated trials because of inconsequential incidents.

8. Plaintiff's counsel asked the jurors if they were insured in a certain company for which Mr. Theodore Just was agent. He also asked if they were stockholders therein. The record does not show any insurance and hence defendants objected to the questions as immaterial. Plaintiff was entitled to show the existence of insurance for the purpose of interrogating the jurors. Storhaugen v. Motor Truck Service Co. 171 Minn. 47, 213 N. W. 372; Brown v. Burrow, 171 Minn. 219, 213 N. W. 890. The absence of the foundation for the inquiry cannot be seriously considered in the face of the subsequent appearance of Mr. Just as a witness disclosing his investigation soon after the accident. Nor can experienced counsel, in the absence of insurance, fail to refute the imputation of insurance and then base error on the inquiry as being prejudicial.

Affirmed.