STATE OF MINNESOTA ex rel. FRANK M. CADY v. CHARLES E. OTIS.[1]

February 14, 1898.

Nos. 10,970—(295).

**District Court—Rules of Practice—G. S. 1894, § 4886—Record upon Review.**

The judges of the district court, acting under the provisions of G. S. 1894, § 4886, have no authority to prescribe a rule of practice which will have the effect of depriving this court of supervision and control over the records of the courts below, which are made with reference to a probable appeal to this court, and which may result in incumbering the returns herein with much that is wholly unnecessary and useless.

**Same—Settled Case—Narrative Form—Questions and Answers—Discretion of Judge.**

No. 48 of the rules adopted at a meeting of the judges of the district court held in July, 1893, imperatively prohibited the making of a proposed case (under G. S. 1894, § 5400) in narrative form, and required that it should be in the form of questions and answers, as at the trial. *Held* that, in so far as the rule prohibits a party from preparing a case in a

[1] Reported in 74 N. W. 283.

narrative form, it is invalid, and that a trial judge cannot refuse to settle such case on the sole ground that it is in such form; but when the exact words of the stenographer's minutes will more clearly and fully present the relation and effect of a ruling, or when the nice shades of meaning in the testimony are not preserved, or the exact bearing thereof cannot well be determined in the absence of both questions and answers, he may, in the exercise of a sound discretion, require such part of the proposed case as he deems necessary to be in the form of questions and answers. Such discretion should be exercised so as to exclude from the record all immaterial matters, and make it as concise as possible.

### Same—Proposed Case—Settlement—Refusal to Attach Exhibits.

For the purposes of moving for a new trial, counsel prepared and served a proposed case, which was incomplete, in that it failed to contain copies of three exhibits introduced in evidence at the trial. At the hearing of a motion to settle and allow the case, counsel refused to attach copies of these exhibits, and demanded that the case be signed, settled, and allowed in its incomplete condition. *Held*, that the court was justified in its refusal to grant the motion.

Alternative writ of mandamus, on the relation of Frank M. Cady, to Charles E. Otis, as judge of the district court for Ramsey county, to compel him to settle and sign a certain proposed case. Discharged.

*C. J. Berryhill*, for relator.

*Wm. G. White*, for respondent.

COLLINS, J.

From the return herein made by respondent, as one of the judges of the district court for Ramsey county, it appears that upon the hearing of a motion, made by defendant's counsel in an action then pending in said court, to allow, settle, sign and certify a proposed "case," under the provisions of G. S. 1894, § 5400, as containing and comprising all of the testimony and evidence offered at the trial, counsel for plaintiff appeared, and objected to the granting of the motion upon two grounds:

"First, because the same did not conform to rule 48 of this court; and, second, because the same was not conformable to the truth, and appeared upon its face not to contain all of the evidence which was offered at the trial of the action.

"Counsel for the plaintiff in said action and this respondent then and there called the attention of Charles J. Berryhill, Esq., the

attorney for the relator, to the fact that said proposed statement of case was not complete, and did not contain all of the evidence offered at the trial of said action, and especially did not contain Exhibits A, B, and D, which were offered at the trial of said action, and admitted in evidence at said trial."

That the proposed case was defective in this respect is not disputed. The return further shows that relator's counsel

"Then and there declined and refused to attach the same to his purported case, or to cause the same to be made in any manner a part thereof, and insisted that this respondent should sign, settle, and allow the same in the manner in which it was served and proposed, without containing said exhibits, and insisted upon his right to have said purported case, served by him as aforesaid, signed, settled, and allowed in said incomplete form, and without including therein said exhibits, to which reference is here made; that thereupon, and because said purported case did not conform to rule 48 of this court, and also for the further and additional reason that said purported case was not conformable to the truth, and did not contain all of the evidence offered at the trial of said action, and because the counsel for the plaintiff declined and refused to make said case complete, and conformable to the truth, by attaching said exhibits thereto, which were material and regarded by this respondent as material, this respondent made an order declining to sign or allow said case."

The learned judge of the district court, it will be observed, has justified his refusal to act upon two grounds, claiming that either is sufficient.

In July, 1893, the judges of the district court, assuming to act under G. S. 1894, § 4886, adopted a rule, numbered 48, which is as follows:

"Transcripts of the stenographic reporter's minutes shall be made in the exact words and in the form of the original minutes. The proposed case shall not be made in narrative form, but shall be in the form of question and answer as at the trial. The party procuring the transcript shall, at or before the time of serving the proposed case or bill of exceptions, file the same with the clerk for the use of the parties and the court, and the failure so to file said transcript shall be deemed good and sufficient reason for extending the time within which proposed amendments may be served by the opposite party. After the settled case or the bill of exceptions has been filed in the clerk's office, the stenographer's transcript may be withdrawn."

This rule imperatively prohibits the making of a proposed case in narrative form, and requires that in every instance the case shall be in form of questions and answers, as at the trial. The claim of counsel for respondent is that the judges of the district court were acting strictly within the authority conferred by section 4886, when adopting this rule, because it is regulating the practice in civil actions, and is not inconsistent in any degree with the constitution or laws of the state. But the fact is that, in adopting a rule for the government of counsel when preparing a case upon which to move for a new trial, the judges of the district court are prescribing what may become a part of the return to this court, under G. S. 1894, § 6135. The case which is to be proposed, presented for allowance, and finally settled, in the district court, becomes, if an appeal be taken, a part of the return and record here.

To determine that the judges of the district court may formulate and enforce a rule of this character, is to admit that this court can be deprived of all supervision and control over the records of the trial courts, which are made with reference to a probable appeal, and is powerless to prevent such records being incumbered with much that is wholly unnecessary and useless below, as well as on appeal. We cannot admit, as contended by counsel, that the judges of the district court have the power to provide in what form the record shall be made, and exactly what it shall contain, upon a motion for a new trial. For instance, could any one contend with any earnestness that these judges have the right to require of counsel that their arguments be made a part of the case, or that they have the power to prescribe a rule as to what shall be included in the case, which would deprive either of the parties of a substantial right?

Prior to the days of stenographic reporters, the evidence found in a proposed case was of necessity in a narrative form. There was no other method of presenting it, and, for several years after reporters were employed, there were very few departures from the long-established custom of presenting evidence in narrative form, and thus incorporating it into settled cases. And there are no reasons why the same method should not still be followed, except

where the exact words of the stenographic report will more clearly and fully present the situation,—such, for instance, as where the questions and answers will serve the court in understanding the relation and effect of a ruling, or where by a narrative form the nice shades of meaning in the testimony are not preserved, or the exact bearing of the testimony cannot well be determined in the absence of both questions and answers.

Save in exceptional cases, there are substantial reasons for holding that rule 48 is too sweeping and arbitrary, and that, when settling a case, the testimony had best be in narrative form, and not in questions and answers, except where essential for such purposes, as hereinbefore stated. A full transcript of the minutes of the reporter, which is a reproduction of the exact words of the court, of counsel, and of the witnesses, largely increases the expense. It adds to the labor of any court having to examine the records, and it serves to confuse, rather than to enlighten. An examination of the records in the cases before this court (nearly 600 in number each year) will show page after page of irrelevant and useless testimony, in the form of questions and answers and other matter, the inevitable result of an enforcement of rule 48. As an illustration, we state that in a settled case recently returned to this court there appeared, in exact words, an alleged humorous story (supposed to have been induced by a question propounded to a witness), told, in the middle of a jury trial, by the presiding judge, who also settled the case. The including of the story in the case led to its being printed in detail, covering two pages of the paper book, together with the assertion, according to the stenographer, that "laughter" was indulged in at its conclusion.

We conclude that so inflexible a regulation is unwarranted, and that the respondent was not justified in insisting upon a compliance with it. If counsel choose to, and can best, prepare a case in accordance with the rule, if it is not objected to by counsel on the opposite side, and the court acquiesces in this method, no one else should find fault. But when counsel prefer to submit the evidence in narrative form, except when, as we have suggested, questions and answers can be of assistance to the court as well as to counsel, the trial court is not warranted in refusing to sign

and certify simply because a district court rule requires that the proposed case be in the exact words of both counsel and witnesses. Of course, we are not intimating that the rest of rule 48 is not proper.

Turning now to the second ground upon which the respondent justifies, attention is called to the return, from which it appears that three exhibits introduced in evidence at the trial were not made a part of the proposed case; that notice of this was brought to counsel, and he was informed by the court that in this respect his case was incomplete; that he then and there declined and refused to attach and make copies of these exhibits a part of the case; that he demanded the certificate and signature of the respondent, and insisted upon his right to have the case settled and allowed in its incomplete form, and without including copies of these exhibits. It appears from the return that the case as proposed by counsel did not conform to the truth; that counsel was so advised, and was requested to attach copies of the exhibits and that he refused. In other words, counsel demanded that the respondent certify to an untruth, namely, that the case conformed to the truth, and contained all of the evidence offered at the trial, when, concededly, it did not. It was not the respondent, sitting as the court, who declined and refused to act, as counsel claims, but it was the counsel himself, when he refused to complete the proposed case so that it would conform to the truth. He had no cause for complaint when the court denied his motion.

The writ is discharged.