JAMES KEENAN v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

November 24, 1911.

Nos. 17,267—(72).

**Questions for jury.**

Evidence, in this a personal injury case, considered, and *held*, that the questions of the defendant's negligence and the contributory negligence of the plaintiff were questions of fact to be decided by the jury, and not by the trial judge.

Action in the district court for Ramsey county to recover $2,000 for personal injuries. The reply was a general denial. The case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $1,550. From an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Stringer & Seymour,* for appellant.

*Barton & Kay,* for respondent.

Start, C. J.

On Saturday, April 30, 1910, and for some time prior thereto, the plaintiff was employed as a car repairer of the Chicago, Mil-

[1] Reported in 133 N. W. 789.

waukee & St. Paul Railway Company at its shops in its yards at South Minneapolis. The yards were large, over which some one hundred railway tracks were laid, which practically surrounded the shops. There were employed in the shops and yards some two thousand men. Those employed in the shops were accustomed to quit work on Saturday afternoons at 4: 30 o'clock, and in going to their homes it was necessary for them to cross many of the tracks and oftentimes to walk between the tracks. The defendant, as lessee, operated railway trains in the yards. At 4:30 o'clock of the day named the plaintiff,. while passing through the yards on his way home from work, was struck by one of the defendant's trains then running through the yards, whereby he was injured.

He brought this action in the district court of the county of Ramsey to recover from the defendant damages for his injuries, on the ground that they were caused by its alleged negligence, in that it ran its train over the main tracks at a dangerous rate of speed at a time when the employees, including the plaintiff, were on their way home,. and failed to give warning in any manner of the approach of the train. The answer denied any negligence on the part of the defendant, and alleged that the plaintiff's injuries were caused by his own negligence. Verdict for the plaintiff for $1,550, and the defendant appealed from an order denying its motion for judgment or a new trial.

Assignments of error 9 to 12, inclusive, relate to instructions to the jury, but are not urged in the brief, and are therefore deemed. waived. Dunnell, Minn. Digest, § 366.

The evidence relevant to the question of defendant's negligence was conflicting, making the question one of fact. The finding of the jury that the defendant was negligent, as alleged, is fairly sustained by the evidence. The serious question presented by the record is whether the evidence conclusively shows that the plaintiff was guilty of contributory negligence as a matter of law. There was evidence tending to show the evidentiary facts following:

On the afternoon of the accident the plaintiff, after he stopped work for the day, deposited his tools in the toolhouse, and then started in an easterly direction for his home, following his usual necessary

route through the yards and across the railway tracks.   There were four main tracks which he had to cross, upon which, and in all parts of the yard, engines and cars were then being operated.   He could not go straight across the tracks from the toolhouse to a public way, known as Twenty-Sixth street, on which he resided, as such direct route was blocked by buildings and standing cars; hence he took an indirect way through the yard, selecting what he deemed the safest course.   While so doing, and before he had crossed all of the main tracks, his course was obstructed by a freight train going in a northerly direction, but for which he would have crossed all of the main tracks.   He then, first looking to see if any trains were approaching, and seeing none, started south between two main line tracks, but not on either, where he had walked before and had frequently seen people walking.   The space between the rails of the tracks was eight feet and five inches.   An ordinary box car extends eighteen inches beyond the rails.   After he had proceeded between the tracks some two hundred feet, and had reached a point where there was a plank crossing over the main tracks, which people were accustomed to cross, and while the north-bound train was still passing, he was struck by the defendant's engine hauling six cars.   He had looked back at different times, while so walking between the tracks, and a minute after he looked back the last time he was struck by the defendant's train, which was running at an unsafe rate of speed, without giving any warning of its approach.

In making this brief statement of the evidentiary facts, we have taken the most favorable view of the evidence permissible for the plaintiff, as the jury had a right to do, if they found it credible.   The defendant urges that the plaintiff was no longer in the discharge of his duties as an employee when he was injured.   Technically this is true; but the place where he was employed to work by the owner of the yards was such that he could not discharge his duties to his employer without crossing its yards in going to and returning from his work.   Therefore he was rightfully therein, and the defendant owed him the duty of exercising due care to avoid injuring him.   The only significance of the fact that he was not discharging his duties is that he could not have been engrossed by them.   The main reasons urged

why the plaintiff was guilty of contributory negligence as a matter of law are to the effect that he should have waited for the north-bound train to pass, that he could have walked between the side tracks, and that he selected for his own convenience a course of extreme peril, instead of one of several which were comparatively safe. These conclusions do not follow as a matter of law from the undisputed evidence. The questions suggested were made, by the evidence, questions of fact for the jury.

The special facts of this case distinguish it from the class of cases cited and relied upon by the defendant, where the party injured or killed was walking upon the tracks without looking for approaching trains. We hold, upon a careful consideration of the whole evidence, that the question of the plaintiff's contributory negligence was clearly one of fact, to be decided by the jury, and not the trial judge.

Order affirmed.