## OTTO A. ZIMMERMAN v. CHICAGO & NORTHWESTERN RAILWAY COMPANY and Another.[1]

March 5, 1915.

Nos. 19,042—(256).

**Assignments of error abandoned.**

1. Assignments of error not argued in the brief will not be considered.

**Motion for directed verdict — construction of statute.**

2. Section 7998, G. S. 1913, which provides that in jury cases a motion for a directed verdict, after the testimony is in, shall be denied if the adverse party objects, does not deprive the courts of their constitutional power to determine whether a cause of action or defense has been made out. It merely regulates or postpones the exercise of the power.

**Same — waiver of benefit of statute.**

2. While it should not be held that a party waives his right to object to a decision upon the merits of a motion for a directed verdict by stating reasons why it should not be granted, nevertheless good practice requires those who wish to avail themselves of the statute to submit the objection without argument; and where, as in this case, after objection and argument upon the merits plaintiff remained silent when the court stated his understanding that there was no objection to a decision of the motion on the merits, the benefit of the statute was waived.

**Carrier — evidence.**

3. Plaintiff did not make a *prima facie* case for the recovery of damages against the carriers for failure to safely carry and deliver a carload of barley.

Action in the district court for Hennepin county to recover $920.-

[1] Reported in 151 N. W. 412.

86 for partial loss in a shipment of barley. The case was tried before Jelley, J., who at the close of the testimony directed a verdict in favor of defendants. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*E. J. Grover,* for appellant.

*Brown, Abbott & Somsen, Richard L. Kennedy* and *J. B. Sheean,* for respondents.

HOLT, J.

On May 31, 1912, a car of barley was weighed by the state weighmaster, and five days thereafter plaintiff delivered the same at Minneapolis to the Chicago, St. Paul, Minneapolis & Omaha Railway Co. hereinafter called the Omaha Company, for shipment to himself at Milwaukee, Wisconsin, notify Johnston & Templeton. However, after being so delivered, the car was, upon plaintiff's order, held in the railroad yards of Minneapolis until June 13, when it was allowed to go forward. The Omaha Company does not run to Milwaukee, and it delivered the car to the Chicago & Northwestern Railway Co., hereinafter called the Northwestern Company, at Wyeville, Wisconsin, for transportation to destination, where it arrived on the eighteenth of June. For 27 days it was there held upon the tracks, or in the yards, of the Northwestern Company while plaintiff's commission agents, Johnston & Templeton, were, almost daily, taking samples therefrom and attempting to sell it. It was stipulated that the car arrived in good condition at Milwaukee. On July 13, plaintiff surrendered the bill of lading and reshipped the car of barley over the Northwestern Company's line to Gerstenberg & Co. at Chicago, Illinois. When the railroad company started to haul the car from the yards, at Milwaukee, a draw bar pulled out, and it became necessary to transfer the barley into another car. The contents of the car, as weighed by the state weighmaster on May 31, showed 27 bushels more barley than as weighed at Chicago on August 5 following. Plaintiff sued both companies for damages upon the claim that there was a shortage and that the barley received for shipment was not delivered, or, if it was, that it had been al-

lowed to heat and deteriorate. The court at the close of the testimony directed a verdict for defendants.

The numerous errors assigned upon the reception or exclusion of evidence we do not feel called upon to examine, for they are not supported by any argument in appellant's brief. Romer v. Conter, 53 Minn. 171, 54 N. W. 1052; Hahn v. Bettingen, 81 Minn. 91, 83 N. W. 467, 50 L.R.A. 669; Casey v. Mississippi & R. R. Boom Co. 108 Minn. 497, 122 N. W. 376; Keenan v. Chicago, R. I. & Pac. Ry. Co. 116 Minn. 107, 133 N. W. 789; Staples v. East St. Paul State Bank, 122 Minn. 419, 142 N. W. 721.

But two questions remain for consideration, namely, (1) that plaintiff having objected to a directed verdict, the court was obliged to submit the issues to the jury, even if there was an entire failure to prove a cause of action; and (2) that plaintiff made a *prima facie* case and therefore it was error to direct a verdict for defendants.

Section 7998, G. S. 1913, provides: "When at the close of the testimony any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, as either or any party to the action shall request." Defendants assail this statute, claiming that it deprives the courts of the right to pass upon questions always heretofore held to be within their constitutional powers to determine. Grant that the Constitution invests courts with the authority to determine whether or not the evidence adduced at a trial proves a cause of action or defense, we do not see in the statute quoted any attempt to impair this authority. It merely regulates or postpones the time for its exercise. The legislature may prescribe the procedure of courts. 11 Cyc. 739, 740.

It is further urged by defendants that plaintiff waived the right to object to a directed verdict by arguing the motion upon the merits. The record indicates that no formal objection was made when the motion was made, but after a long argument plaintiff did object both because he had the right so to do under the statute quoted and also on the merits. Thereupon a lengthy controversy between counsel arose in the course of which plaintiff asked, and was denied, permission to

open the case for the introduction of additional evidence. Finally the court said: "I don't understand any objection has been made to a directed verdict here." Plaintiff's counsel made no response, but after the verdict had been directed an exception was taken. We are not inclined to hold that the benefit of the statute is waived by merely opposing, on the merits, a motion to direct a verdict. However, it does seem that argument is out of place when a mere objection entered by the adverse party compels the court to deny the motion. Time and energy will be saved by courts and attorneys adopting the practice to let a formal objection, without discussion, determine that the merits of a motion for a directed verdict shall not be argued or decided until after a tentative verdict is rendered. In the instant case we conclude that, although plaintiff did enter an objection under the statute, he waived the right to benefit therefrom by remaining silent when the court, preparatory to directing a verdict, stated his understanding that then no objection had been made to a decision of the motion on its merits.

The directed verdict is right. According to the stipulation the initial carrier, the Omaha Company, discharged its whole duty, for the car reached its original destination in good condition. There is no proof of shortage in weight upon arrival in Milwaukee. Some grain was taken out of the car by plaintiff or his agents during the two months it was on the railway tracks, for samples were taken almost daily. Whether this would amount to 27 bushels is left in uncertainty. The complaint alleged a reshipment from Milwaukee to Chicago. This was admitted by defendants. It is true plaintiff offered to prove that the car went forward under the original bill of lading. But he was not permitted so to do. No objection or available assignment of error presents this ruling for review. Furthermore the car was held for such a length of time at Milwaukee by the Northwestern Company, as a warehouseman, that it would be great injustice to again impose the more onerous responsibility of a common carrier upon the initial carrier when the car started its journey to Chicago. There is absolutely no proof of damages in the record based upon the reshipment of the car of barley from Milwaukee to Chicago on July 13, 1912.

The order must be affirmed.