## CHARLES JONES v. CITY OF ST. PAUL.[1]

July 2, 1915.

Nos. 19,352—(227).

**Negligence — question for jury.**

　　1. In an action for personal injuries alleged to have been caused by the negligence of defendant, it is *held* that the issue of due care on the part of defendant should have been submitted to the jury.

**Same — charge to jury.**

　　2. The trial court erred in instructing the jury contrary to chapter 245, Laws 1913, that the evidence presented a case of negligence as a matter of law.

[1] Reported in 153 N. W. 516.

Action in the district court for Ramsey county to recover $5,000 for personal injury received while in the employ of defendant. The case was tried before Dickson, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $1,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*O. H. O'Neill, John A. Burns* and *W. J. Giberson,* for appellant. *Barnacle & Martin,* for respondent.

BROWN, C. J.

Plaintiff was a laborer in the employ of defendant with others in the same class of work, in repairing asphalt pavements. The work was in charge of a foreman, who had, as the representative of the city, full charge and control thereof and of the laborers engaged therein. Several teams and wagons were furnished by the city to convey material for use in the work, and, when not loaded with such material, were used by the laborers in going to different points where repairs were needed. The men rode in the wagons. Frequently at the completion of a particular piece of repairs a supply of hot tar would be left over. This was placed in pails, and the pails, when moving from place to place, either suspended underneath the wagons, or placed upon what is termed in the record as a fire cart. It was not usual or customary to place such pails of hot tar in the wagon in which the men rode from place to place. It was dangerous to do so, and they were uniformly conveyed in the manner stated. At the time in question a piece of repair work had been completed and the foreman directed the laborers to load up their tools and proceed to a point on University avenue where repairs were to be made. This order was complied with, and someone engaged in the work, the evidence wholly fails to show who it was, placed a pail of hot tar in one of the wagons, and when getting into the wagon to go to the new field of work plaintiff inadvertently, not knowing of its presence in the wagon, thrust his foot into the pail, and the member was severely burned. He brought this action to recover for his injuries on the ground that the city was negligent in

not .furnishing him a safe place of work. The trial court held, on the facts stated, which are not in dispute, that a case of negligence was made out, entitling plaintiff to a verdict. A verdict was accordingly returned for plaintiff, and defendant appealed from an order denying its motion for judgment or a new trial.

There can be no doubt on the facts stated that the relation of master and servant existed between plaintiff and defendant during the time the crew of men were being transferred to the place of work on University avenue. The evidence shows, without dispute, that the wagons were made use of by the city, acting through the foreman in charge of the work in carrying the workmen from place to place as occasion required. And there is no doubt but that the city was under legal obligation to keep and maintain the wagons in suitable condition for such use. Wallin v. Eastern Ry. Co. of Minn. 83 Minn. 149, 86 N. W. 76, 54 L.R.A. 481. Its responsibility in this respect involved an exercise of reasonable care, a degree of care commensurate with the dangers to be anticipated as likely to arise. The pails of hot tar were dangerous to workmen if placed within a wagon in which they were riding, and the uniform custom was to place them where no harm could result. Contrary to this custom a pail of tar was placed in the wagon, unknown to plaintiff, as a result of which he received the injury for which he here seeks recovery. It was the duty of the foreman to exercise reasonable care to protect the workmen from this danger, and if he failed to do so recovery may be had. The case narrows down to this question of due care on his part. The trial court held that want of due care appeared as a matter of law, and so charged the jury, and this solely because the pail of tar in some way found its way into the wagon. A majority of the court are of opinion that the question should have been submitted to the jury. In view of this conclusion we do not discuss the evidence further. The law is clear and substantially as stated by the trial court, with the exception that the issue of due care on the part of the foreman should go to the jury. And further, we are all agreed that the court could not, under chapter 245, p. 336, Laws 1913, so direct a verdict for plaintiff.

An objection thereto was sufficiently made and attention called to the statute at the time.

Order reversed and new trial ordered.