# FIRST NATIONAL BANK OF ASHLEY, a Corporation, Appellant, v. L. STRAUSS, Respondent.

(194 N. W. 900.)

**Trial — error to direct verdict over objection.**

1. In the instant case it is *held*, for reasons stated in the opinion, that the trial court erred in directing a verdict in contravention of the following provision of chapter 133, Laws 1921: "When at the close of the testimony any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, as either or any party to the action shall request."

**Trial — subsequent motion for directed verdict held not waiver of objection to similar motion by adverse party.**

2. A party who objects to a motion—for a directed verdict—does not waive such objection and the benefits of chapter 133, Laws 1921, by thereafter moving for a directed verdict in his own favor.

Opinion filed July 24, 1923. Rehearing denied September 8, 1923.

Trial, 38 Cyc. pp. 1564 n. 70; 1590 n. 48.

From a judgment of the district court of McIntosh County, *McKenna*, J., plaintiff appeals.

Reversed and remanded for a new trial.

*H. H. Drews* and *E. T. Burke*, for appellant.

*Curtis & Remington*, for respondent.

CHRISTIANSON, J. This is an action upon a promissory note in the sum of $267, dated December 1st, 1919, and payable December 1st, 1920, executed and delivered by the defendant to the plaintiff bank. The complaint is in the usual form. The answer admitted the execution of the note, but alleged that it was given solely as an accommodation to the plaintiff bank, and that defendant received no consideration therefor whatsoever. Plaintiff interposed a reply, denying all the new matter set forth in the answer. The case was tried to a jury upon the issue thus framed. At the close of all the testimony a verdict was

directed in favor of the defendant, and plaintiff has appealed from the judgment entered upon the verdict.

Appellant contends that under chapter 133, Laws 1921, the trial court was inhibited from directing a 'verdict, and that its action in so doing was error requiring a reversal. In answering this contention respondent says: 1. That plaintiff waived the benefit of chapter 133, Laws 1921; and, 2. That in any event the defendant was entitled to a directed verdict, and that consequently the trial court's action was error without prejudice. Chapter 133, Laws 1921, provides:

"When at the close of the testimony any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, as either or any party to the action shall request, but upon a subsequent motion, by such moving party after verdict rendered in such action, that judgment be entered notwithstanding the verdict, or if the jury have failed to agree upon a verdict, for a directed verdict, the court shall grant the same if, upon the evidence as it stood at the time such motion to direct a verdict was made, the moving party was entitled to such directed verdict. An order for judgment notwithstanding the verdict may also be made on a motion in the alternative form asking therefor, or if the same be denied, for a new trial. If the motion for judgment notwithstanding the verdict be denied, the supreme court, on appeal from the judgment, may order judgment to be entered, when it appears from the testimony that a verdict should have been so directed; and it may also so order on appeal from the whole order denying such motion when made in the alternative form whether a new trial was granted or denied by such order."

Upon the trial of the case the plaintiff called the defendant for cross-examination under the statute. The note in suit was thereupon marked as an exhibit and shown to the defendant who admitted that he had signed the same. Thereupon plaintiff rested. The defendant was then put upon the stand as a witness in his own behalf. He testified that the note in suit was given in renewal of a former note in the sum of $250; dated March 24th, 1919, and payable November 15th, 1919. This note was offered in evidence by the defendant. The note is payable to one, A. F. Bonzar, Jr., and bears an indorsement by him   the

Farmers Co-operative Milling Company, and also, the indorsement of such Milling Company. The defendant testified that on or about March 24th, 1919, one Johnstone, then president of the plaintiff bank, came and saw the defendant and stated that he, Johnstone, desired to have the defendant purchase some stock in a milling company then being organized for the purpose of constructing a mill at Ashley. That in such conversation he (Johnstone) stated that money was being withdrawn from his bank; that a large amount of money had already been withdrawn; that the electric light company owning and operating an electric light plant in Ashley was indebted to the bank in a considerable sum; that it was proposed to sell the electric light plant to the milling company and if such sale was made the electric light company would be able to pay its obligations to the bank. The defendant further testified that during such conversation Johnstone said "you are simply helping me out and the bank if you take this here, you get them now, ten shares for $250, which will be later on worth $300, and he says then I will take this back, and I said, what benefit will you have to take this back? He said, they will be sold later on for $300, and the bank will get the benefit of the $50, and you will not be anything out, and it sounded reasonable to me and I had all the confidence in the world in the man and I signed the note."

The defendant further testified that when the note became due Johnstone again came to see him and suggested that he execute a renewal; that he, the defendant, did not want to renew but that finally he did; that upon executing and delivering the note in suit he received the first note which he signed. The defendant further testified regarding a conversation which he claims to have had with Johnstone sometime after the bank demanded payment of the note in suit. Thereafter, the plaintiff introduced the evidence of the assistant cashier of the bank (Johnstone's son) whose testimony tended to contradict the version of such conversation as given by the defendant; and it was further sought to prove by such witness certain facts relating to the consideration paid by the bank for the note against the defendant. After this testimony had been introduced and plaintiff had announced that it rested its case, defendant's counsel moved for a directed verdict on the ground that all the testimony showed that there was no consideration for the note in question and that the same is and was an accommodation note. Plain-

tiff's counsel thereupon stated: "the plaintiff renews his objection to the motion." The defendant thereupon was recalled as a witness in his own behalf for further examination. At the close thereof, and both parties having rested, the defendant again moved the court for a directed verdict. At this time plaintiff's attorneys said: "Plaintiff objects to the granting of the motion." Immediately following plaintiff's counsel made a motion for a directed verdict in favor of the plaintiff. No objection was made to said motion by defendant's counsel. Thereupon the court directed a verdict in favor of the defendant. Plaintiff's counsel thereupon said: "To which ruling of the court the defendant duly accepts."

Defendant contends that this record establishes waiver on the part of the plaintiff of the provisions of chapter 133, Laws 1921. In support of this contention he cites Zimmerman v. Chicago & N. W. R. Co. 129 Minn. 4, 151 N. W. 412, and calls attention to the fact that chapter 133, Laws 1921, was adopted from Minnesota, with only a very slight change. It is, therefore, asserted that the construction of the statute by the supreme court of Minnesota is controlling or at least entitled to great weight.

The Minnesota supreme court said:

"It is further urged by defendants that plaintiff waived the right to object to a directed verdict by arguing the motion upon the merits. The record indicates that no formal objection was made when the motion was made, but after a long argument plaintiff did object both because he had the right so to do under the statute quoted and also on the merits. Thereupon a lengthy controversy between counsel arose, in the course of which plaintiff asked, and was denied, permission to open the case for the introduction of additional evidence. Finally the court said: 'I don't understand any objection has been made to a directed verdict here.' Plaintiff's counsel made no response, but after the verdict had been directed an exception was taken. We are not inclined to hold that the benefit of the statute is waived by merely opposing, on the merits, a motion to direct a verdict. However, it does seem that argument is out of place when a mere objection entered by the adverse party compels the court to deny the motion. Time and energy will be saved by courts and attorneys adopting the practice to let a formal objection, without discussion, determine that the merits of a motion for a directed

verdict shall not be argued or decided until after a tentative verdict is rendered. In the instant case we conclude that, although plaintiff did enter an objection, under the statute, he waived the right to benefit therefrom by remaining silent when the court, preparatory to directing a verdict, stated his understanding that then no objection had been made to a decision of the motion on its merits." 129 Minn. 6.

We find it unnecessary to determine what effect should be given to the holding of the Minnesota court; or to indicate either approval or disapproval of the language quoted. It is sufficient to say that, in our opinion, the Zimmerman Case is not in point under the facts in this case. In that case the parties argued at length *the merits* of the motion for a directed verdict. After such argument had concluded, the trial court said: "I don't understand any objection has been made to a directed verdict here." In other words, after counsel had presented their arguments on *the merits* of the motion, and before a ruling was made, the trial judge made a statement which, in effect, consisted of an inquiry as to whether there then was any objection to the motion for a directed verdict.

Under the statute, the court is inhibited from passing on the merits of a motion for a directed verdict, when the adverse party objects to such motion. The presentation of an argument on the merits of such motion is, in a sense, inconsistent with such objection. In other words, it is the presentation of a question to the court which, if the objection is adhered to, it may not decide. Hence, where the adverse party voluntarily presents an argument on the merits of the motion for a directed verdict, it seems that the trial Judge would have some reason to believe that the parties desired to have him decide the question argued.

The situation in this case is quite different from that in the Zimmerman Case. Here there was no argument of the motion for a directed verdict. Defendant's counsel twice moved for a directed verdict, and in each instance plaintiff's counsel objected thereto. Clearly, such objections preserved all plaintiff's rights under the statute, for, as pointed out by the Minnesota court in the Zimmerman Case, the statute requires only that an objection be interposed.

Was plaintiff's objection to the defendant's motion for a directed verdict automatically withdrawn by plaintiff's motion for a directed verdict in its own favor? In other words, can it be said that plaintiff's

counsel clearly manifested an intention to withdraw his objection to defendant's motion by moving for a directed verdict in plaintiff's favor? We think not. It is true, that under the practice as it existed prior to the enactment of this statute there was an implied waiver of the right to a submission to the jury where both parties moved for a directed verdict. Under such practice, however, there was no restriction upon the right of the trial court in a proper case to direct a verdict in the first instance. There was then no provision of law such as contained in chapter 133, Laws 1921, that "when . . . any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues, within the pleadings on which evidence has been taken, as either or any party to the action shall request."

It will be noted that the statute recognizes that "any party to the action" has the right to move for a directed verdict. It also recognizes the right of, and imposes the duty upon, the adverse party in each instance to object thereto. One party is not precluded from moving for a directed verdict because the adverse party has moved for such verdict in his favor. Prior to the enactment of chapter 133, Laws 1921, the adverse party was not required to object to a motion for a directed verdict. The requirement that such motion be objected to was first imposed by this statute. Hence, when plaintiff's counsel made objection to the motion for a directed verdict, it seems clear that he did so because chapter 133, supra, required it; and he did so to bring himself within the provisions of that statute. We do not believe that the fact that immediately after interposing his objection he moved for a directed verdict in favor of plaintiff manifested any intention to withdraw the objection just made.

A motion on behalf of the plaintiff for a directed verdict was not at all inconsistent with the former objection to defendant's motion for a directed verdict. It was necessary for plaintiff's counsel to move for a directed verdict in order that plaintiff might be in position to move for judgment notwithstanding the verdict in case of an adverse verdict. Immediately following such motion, the trial court proceeded to and did direct a verdict in favor of the defendant. We do not believe it was incumbent upon plaintiff's counsel to interrupt the court during

the course of its remarks to the jury incident to the direction of verdict. .Upon the conclusion of such remarks, however, and apparently before the verdict was signed and returned, plaintiff's counsel duly excepted to the trial court's ruling in directing verdict.

Defendant's counsel contends, however, that under the evidence, defendant was entitled to judgment as a matter of law; and that, consequently, the direction of verdict in his favor was in any event error without prejudice. The contention cannot be sustained. Leaving on one side the question whether a case may arise where the direction of a verdict contrary to the provisions of chapter 133, Laws 1921, is error without prejudice, we do not believe that that situation is presented in this case. Chapter 133, supra, expressly says that in all cases "when at the close of the testimony any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, as either or any party to the action shall request." That is, in the cases which fall within its provision, chapter 133, Laws 1921, requires the trial court to deny the motion as well in those cases where the party may be entitled thereto as in cases where he is not entitled thereto. In this case evidence had been taken upon the issues framed by the pleadings as to whether the note in suit was without consideration and executed for the accommodation of the bank. The evidence of the defendant, Strauss, was in certain particulars contradicted by the testimony of the witness, Johnstone, and upon the record as a whole we do not believe that the defendant was entitled to a judgment in his favor, as a matter of law. Defendant's motion for a directed verdict should have been denied. Jones v. St. Paul, 130 Minn. 260, 153 N. W. 516.

Reversed and remanded for a new trial.

BRONSON, Ch. J., and JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.