## IDA BROWN AND ANOTHER v. EDWARD BURROW.[1]

May 6, 1927.

Nos. 25,972, 25,973.

**Verdict for defendant set aside because of abusive argument of his counsel.**

1. When the evidence made recovery of damages a jury question and a verdict was rendered in favor of defendant, it cannot be sustained where the record shows that counsel for defendant in the final argument to the jury indulged in abuse of opposing counsel without cause, and invited the attention of the jury to matters which had no legitimate bearing upon the issues involved, and was permitted to continue such argument by the court, in spite of opposing counsel's repeated objections and appeals for protection.

**Duty of trial court in respect to control of counsel's argument.**

2. It is the duty of the trial court to control trials and, on its own motion, to stop a jury argument improperly predicated upon personal abuse of opposing counsel or upon matters not pertinent to the issues tried.

[1]Reported in 213 N. W. 890.

New Trial, 29 Cyc. p. 775 n. 25.
Trial, 38 Cyc. p. 1472 n. 52; p. 1507 n. 82.

See 41 L. R. A. 655; L. R. A. 1918D, 97; 2 R. C. L. 427; 1 R. C. L.
Supp. 533.

Plaintiffs appealed from orders of the district court for Hennepin
county, Salmon, J., denying their motions for new trials. Reversed
and new trials granted.

*Herbert P. Keller* and *Bruce J. Broady,* for appellants.

*Kelly, Bauers & Carlson,* for respondent.

HOLT, J.

Action for damages, verdicts for defendant, and a separate appeal
in each case from the order denying a new trial.

The plaintiff Ida Brown claimed that, as she was walking across
Sixth street going north on the westerly side of Sibley street in
St. Paul, defendant carelessly drove his automobile upon her and
fractured a bone in her foot. The plaintiff Samuel Brown, Ida's
husband, sued to recover the loss he sustained because of his wife's
injuries. The actions were tried together. We need make no further
reference to the husband's action, for its disposition must follow
the wife's. Since a new trial is inevitable no statement of the
evidence is advisable. It is sufficient to say that upon this record
we are of the opinion that the issue of defendant's negligence, as
well as that of plaintiff's contributory negligence, was for the jury.

In drawing the jury plaintiff's counsel inquired of defendant's
counsel whether defendant carried liability insurance and, if he
did, in what company. This occasioned some uncalled for bickering
between the attorneys, but, when finally defendant's counsel was
called to be interrogated under oath, the requested information was
had. After the jury was obtained no reference was made to the
fact that an insurance company was interested in the outcome of
the trial and, of course, no evidence was offered touching insurance.
Before the closing argument and in the absence of the jury, counsel
for plaintiff, apparently fearful that his opponent would be inclined

to use the incident respecting insurance to plaintiff's disadvantage, asked the court to admonish counsel not to attempt anything of that sort. Notwithstanding this, defendant's counsel launched into a lengthy and severe arraignment of opposing counsel for thus bringing up the matter of insurance, charging that it was done in bad faith and for the purpose of prejudicing the defense. Plaintiff's counsel was called a "poor sport," a "short sport." Other terms more forceful and less elegant were applied to him. Plaintiff's counsel objected time and again to such argument and appealed to the court for protection, with no result except a promise to take care of the matter in the charge.

In Storhaugen v. Motor Truck Service Company, supra, page 47, we had occasion to express our view of the right of counsel for plaintiff to the information he sought in this case in selecting a jury, and the limited use to be made of it. The authorities in this state are therein cited and there is no need of further discussion. Counsel for defendant is too good a lawyer to need to be told that the argument upon which misconduct is predicated was out of place and had no legitimate bearing upon any issue to be submitted to the jury. It should not have been attempted, and the attempt should at once have met with the court's effective interference.

In the assignment of misconduct of opposing counsel exception is also taken to the manner in which the court gave the promised redress to plaintiff's counsel. After stating that the latter had a right to the information sought the court said: "On the other hand, Mr. Kelly, the attorney for the defendant here, has a right to expect that when the jury is drawn that that matter is closed." So it ought to have been. And we have no hesitancy in holding that it was the duty of the trial court to interpose at once when counsel undertook to inject the incident into his argument, and that without waiting for objections from opposing counsel. At no time during the trial should the presiding judge cease to function as a court, but be on the alert to check, on his own motion, an attorney who proceeds to argue an issue not in the case or who descends to personal abuse. The trial court is not merely to rule when a point of controversy is raised; but to so control the trial in the interest of

justice that improper arguments or offensive conduct will not give rise to needless interruptions in order to preserve a litigant's right to a fair trial.

The orders are reversed.