# LILLIAN WESTWELL v. JOHN OLESON.[1]

March 23, 1928.

No. 26,488.

**Grant of new trial because of improper argument.**
New trial granted for improper and prejudicial statements in the argument to the jury.

New Trial, 29 Cyc. p. 777 n. 29.

Defendant appealed from an order of the district court for Waseca county, Senn, J. denying his motion for a new trial. Reversed.

*Nelson & Nelson* and *Meighen, Knudson & Sturtz,* for appellant.
*H. H. Sturner* and *Charles Spillane,* for respondent.

TAYLOR, C.

This is an action to recover damages for an alleged indecent assault in which plaintiff had a verdict, and defendant appeals from an order denying a new trial. The principal ground urged for a new trial is prejudicial misconduct of plaintiff's attorney in his argument to the jury.

One objectionable statement appears in the record in this language:

"I am glad there is one woman who had the nerve to come into court and face John Oleson, because there was a hundred others who didn't have the nerve to do it."

Exception was promptly taken to this statement, and the court directed the jury to disregard it because there was no evidence to that effect. Apparently referring to the remark with which plaintiff's counsel resumed his argument, defendant's counsel again interposed with the following objection:

"Just a minute. We take exception to the remark of counsel in which he said that a man who is arguing the case shouldn't know

[1]Reported in 218 N. W. 548.

some of the facts that are not in evidence, as an attempt to get in indirectly what the court struck out."

Plaintiff's counsel then made a remark not entirely proper but of an apologetic nature, and the court directed him to proceed. The record contains the objectionable statements as recited by defendant's counsel in making the objections, and contains nothing to impeach the accuracy of these recitals. Consequently they will be taken as correct. Wells v. Moses, 87 Minn. 432, 92 N. W. 334. Although no such question is involved in this case, we may say in passing that where such recitals are incorrect attention should be called to the inaccuracies at the time, and thereupon the court should determine and incorporate in the record the language in fact used. Powell v. Standard Oil Co. 168 Minn. 248, 210 N. W. 55.

The statements recited, made in arguing such a case as this, were unquestionably prejudicial to the defendant, and the prejudice which would naturally arise therefrom was of a nature not likely to be removed by a mere direction to disregard them. Here the verdict reflects prejudice, for it was so large that the court felt constrained to grant a new trial unless plaintiff consented to a substantial reduction in the amount. Plaintiff consented.

Plaintiff was 54 years of age and defendant 82 years of age. Their testimony is flatly contradictory. The misconduct was clearly prejudicial and as we are unable to say it did not affect the result, defendant is entitled to a new trial. Smith v. G. N. Ry. Co. 133 Minn. 192, 158 N. W. 46, and cases cited; State v. Boice, 157 Minn. 374, 196 N. W. 483, and cases cited.

Order reversed and a new trial granted.