## LILLIAN WESTWELL v. JOHN OLESON.[1]

May 9, 1930.

No. 27,871.

*Nelson & Nelson* and *Meighen, Knudson & Sturtz,* for appellant.
*Charles Spillane* and *H. H. Sturner,* for respondent.

STONE, J.

After a second trial and verdict for plaintiff, defendant appeals from the order denying his alternative motion for judgment or a new trial. The action is for indecent assault and has been here before. 174 Minn. 151, 218 N. W. 548.

The first appeal also was by defendant. There had been a verdict against him, a new trial was denied, and he appealed. We reversed because of misconduct of counsel for plaintiff. The prejudicial remark, in his closing argument to the jury, was this [174 Minn. 151]:

"I am glad there is one woman who had the nerve to come into court and face John Oleson, because there was a hundred others who didn't have the nerve to do it."

On the second trial, for some reason beyond us, the same advocate found it impossible to avoid following the same course. There had

[1]Reported in 230 N. W. 792.

been on the witness stand for defendant a young lady, the daughter of one of his close neighbors in Waseca. The purpose of her testimony was to refute claims by plaintiff that she had made certain complaints about defendant. On cross-examination, upon what justification does not appear in the record, this witness was asked whether she had ever heard "any cries for help" coming from defendant's house at any time before plaintiff was there as his housekeeper and whether she herself had ever been "instructed not to go any farther than the door." An objection to the first question was sustained. Her answer to the second was a simple and unqualified negative. In his summing up, counsel for plaintiff (Mr. Spillane) referred to this witness as "a comely young lady * * * brought in here perhaps for the purpose of giving this case some respectability," and then proceeded as follows: "Let me say to you, gentlemen of the jury, if" her grandmother "knew that that girl was going over into John Oleson's house she would turn over in her grave."

By that statement counsel took advantage of his opportunity as an advocate wrongfully to convert himself for the moment into a witness also and in that capacity to say in substance that if the deceased grandmother, who doubtless had been well known and highly respected in the community, could know of her granddaughter's going into the house of the defendant, her knowledge or estimate of him and his attitude toward women was such that she would have been so horrified, so concerned for her granddaughter's safety, that she would "turn over in her grave." For the reasons stated and upon authority of the opinion on the former appeal, we again hold that such prejudicial misconduct as to require a new trial. If counsel will persist in such misconduct, they must not be surprised at a similar persistence here in ordering reversals for it.

The record presents the fact issues as to whether the assaults were committed as claimed by plaintiff and if they were, what was the resulting damage. In other words, it cannot be claimed that judgment for defendant should be ordered. It is unnecessary to consider the assignments of error further.

For the misconduct of counsel the order appealed from must be reversed.

So ordered.