BURNETT O. AND MARGUERITE JOVAAG v. EMMA C. O'DONNELL.[1]

Nos. 29,322, 29,323.

June 23, 1933.

[1]Reported in 249 N. W. 676.

*H. L. & J. W. Schmitt* and *Charlotte Farrish*, for appellant.
*John E. Regan* and *A. J. Berndt*, for respondents.

*LORING, Justice.*

Marguerite Jovaag and her husband, Burnett, brought these actions to recover for her personal injuries and the loss of her services arising out of an automobile collision. The wife recovered a verdict for $1,500 and the husband for $350. The defendant has appealed in each case from a judgment entered in favor of the plaintiff after a denial of the defendant's motions for judgment notwithstanding the verdict or a new trial. The appeals bring here the questions of misconduct of plaintiffs' counsel and whether or not the plaintiff Marguerite Jovaag, who was driving the Jovaag car at the time of the collision, was guilty of contributory negligence as a matter of law. The facts will be discussed in connection with the question of contributory negligence.

■ We take first the question of misconduct of counsel for the plaintiffs. His argument to the jury was reported, and at its close exceptions were taken thereto in accordance with rule 27(f) of the district court. 186 Minn. xxxiii. Until the adoption of this rule it had been necessary to interrupt counsel in order to save exceptions to improper argument. In re Estate of Weber, 163 Minn. 389, 204 N. W. 52; State v. Peterson, 167 Minn. 216, 208 N. W. 761; State v. Cotter, 167 Minn. 263, 209 N. W. 4; Brown v. Burrow, 171

Minn. 219, 213 N. W. 890; Westwell v. Oleson, 174 Minn. 151, 218 N. W. 548; Id. 180 Minn. 340, 230 N. W. 792; Christopherson v. Custom Laundry Co. 179 Minn. 325, 229 N. W. 136; Seitz v. Claybourne, 181 Minn. 4, 231 N. W. 714; Moquin v. M. St. P. & S. S. M. Ry. Co. 181 Minn. 56, 231 N. W. 829; Sigvertsen v. Maney Brothers M. & E. Co. 182 Minn. 387, 234 N. W. 688; State v. Geary, 184 Minn. 387, 239 N. W. 158; Olson v. Purity Bak. Co. 185 Minn. 571, 242 N. W. 283.

Our constitution, art. 6, § 14, confers upon the legislature the power to direct the proceedings in the courts of the state. Pursuant to that power it has enacted 1 Mason Minn. St. 1927, § 182, requiring the district judges to assemble annually to revise the general rules of practice in that court and has authorized them to

"revise and amend such rules as they deem expedient, conformably to law, and the same shall take effect from and after the publication thereof. Such rules, as the same shall be so revised and amended from time to time, shall govern all the district courts of the state."

It might, under the constitutional provision, have enacted a statutory rule like the one under consideration. Zimmerman v. C. & N. W. Ry. Co. 129 Minn. 4, 151 N. W. 412. It could have conferred the rule-making power on a higher court. Smith v. Valentine, 19 Minn. 393 (452). It chose to confer the power on the judges of the district court.

In State ex rel. Cady v. Otis, 71 Minn. 511, 74 N. W. 283, this court intimated that it would not be proper for the district judges by rule to require arguments of counsel to be made a part of the settled case. There the question under consideration was the reasonableness of a rule requiring a settled case to be in the form of question and answer and not to be in narrative form. It unreasonably affected the work of this court upon an appeal, and the rule was held bad on that account. The rule here under consideration does not in any way unreasonably affect or in any way hamper the work of this court upon appeal. It affects the practice in the district courts only.

It was always proper when interrupting counsel under the old rule to call in the reporter and have the exception and proceedings thereon made a part of the record. The practice frequently resulted in a dispute as to just what had been said by the alleged offender. But it was necessary to make a record if the matter was to be reviewed here. Anything that was said in State ex rel. Cady v. Otis, 71 Minn. 511, 74 N. W. 283, was not intended to prevent inclusion in the settled case of the record so made. We think that where advantage is taken of the new practice authorized by rule 27 only so much of the reported closing argument should be made a part of the settled case as may be necessary to a full understanding of the exception taken thereto. It is to be noted also that the rule permitting exceptions at the close of the reported argument is entirely optional and that the old practice is still open to those who prefer it.

■ While we are considering rule 27(f), we may say that we question the validity of the provision that the "services of the court reporter shall be at the expense of the party desiring it." The duties of court reporters are fixed by statute. 1 Mason Minn. St. 1927, §§ 202-204. By § 202 they are required to record not only the testimony but "shall also" record all proceedings had before the judge upon the trial of issues of fact, with or without a jury. The section concludes thus:

"When directed so to do by the judge, he [the reporter] shall make a like record of any other matter or proceeding."

We have yet to learn that the argument of counsel is any less a part of the proceedings of a trial than the testimony or the charge to the jury. Sometimes it is less dignified, but nevertheless it is of the "proceeding" before the judge, unless, perchance, he is temporarily abdicating his duty by absenting himself from the court room. Because of the above quoted provisions of § 202, we are disposed to deny that the district judges, or any one of them, by rule or otherwise, can compel a litigant to pay the reporter for his "services" in recording (as distinguished from transcribing) the argument of counsel. We consider that the plain statutory duty of the reporter,

to be rendered without special charge. It is not an additional service like the preparation of the transcript, for which a special payment is provided by § 203.

■ In the case at bar the language of plaintiffs' counsel exceeded all bounds of propriety. It offended the dignity of the court and should have been restrained by the trial court without exception by opposing counsel. He accused his opponent of not being a gentleman, invited violence, and threatened to "make a mess of you." There was more coarse vituperation. Counsel also improperly intimated that the defendant would not be harmed by the verdict, the inference being that it would have to be paid by an insurance company. To some of these objectionable remarks exception was taken at the time, to others exception was taken at the close of the argument, and to some of the most objectionable no exception was taken.

The trial court should have been on the alert to protect its proceedings from such conduct. The record indicates that during a part of the arguments to the jury the court absented itself from the court room and thus abdicated control of the trial. This was improper. As said by this court in Brown v. Burrow, 171 Minn. 219, 221, 213 N. W. 890, 891:

"At no time during the trial should the presiding judge cease to function as a court, but be on the alert to check, on his own motion, an attorney who proceeds to argue an issue not in the case or who descends to personal abuse. The trial court is not merely to rule when a point of controversy is raised; but to so control the trial in the interests of justice that improper arguments or offensive conduct will not give rise to needless interruptions in order to preserve a litigant's right to a fair trial."

For the misconduct of counsel for plaintiffs there must be a new trial in each case unless our further consideration results in judgments notwithstanding the verdicts.

■ The collision out of which these suits arose occurred on north Broad street in the city of Mankato between Madison and Lafayette avenues. Mrs. Jovaag's car was equipped with a winter inclosure, and she was driving it in a northerly direction on Broad street. She

320

crossed Madison avenue with the intention of turning into a driveway on the right-hand side of Broad street at a point about 255 feet north of Madison avenue. There was no other traffic, and the record does not show that there was any parked vehicle on the street. She had noticed the defendant's car overtaking her just after she had crossed Madison avenue. She said she was going about 15 miles per hour and was about eight feet from the right-hand side of the 50-foot paved street on which she was driving. She says that when she got within about 35 feet of the driveway into which she intended to turn she reduced her speed to about ten miles per hour and that she did not swing to the left more than about one foot before making the turn into the driveway. She says that just before she made the turn she observed the defendant's car about 45 or 50 feet behind her and a little to her right. Defendant's car was coming at a fairly good rate of speed and considerably faster than plaintiff's speed. Mrs. Jovaag says that she then gave a right-hand turn signal by extending her left hand outside the window of her car and pointing straight up, then reduced her speed to about four or five miles per hour, went into second gear, and swung abruptly across to the right, where the cars collided just as she was entering the driveway. It is her claim that she did not need to swing to the left in order to enter this driveway but that it was sufficiently wide to permit her turning into it without so doing. The left front wheel of the defendant's car collided with the right front wheel of Mrs. Jovaag's car. The damage to the car was not great.

Under the circumstances we do not believe that reasonable minds functioning judicially could differ as to the character of Mrs. Jovaag's conduct. Traveling, as she was, farther to the left than the defendant and at a slower rate of speed, it was reasonably probable that the defendant might not see her signal. Defendant was then only 45 or 50 feet to the rear and somewhat to the right of Mrs. Jovaag. Under those circumstances, swinging abruptly across the path of an oncoming car lacked, in our judgment, ordinary prudence as a matter of law. In order to make the right turn she should have been next the curb, 1 Mason Minn. St. 1927, § 2720-16,

and it was her duty to see that her abrupt change of direction could be made in safety, § 2720-17.

The evidence, as we have stated it, is that of Mrs. Jovaag herself, and the cases therefore present a situation which requires judgments notwithstanding the verdicts.

Reversed with directions to that effect.

DIBELL, Justice (dissenting).

I dissent from the holding that there should be judgment notwithstanding.

OLSEN, Justice (dissenting).

I dissent on the ground that there was evidence to go to the jury on the questions of defendant's negligence and Mrs. Jovaag's contributory negligence. A new trial, and not judgment for defendant, should be granted. I concur in what is said in sections numbered 1, 2, and 3 of the opinion.

HILTON, Justice (dissenting).
I agree with Mr. Justice Olsen.

ON APPLICATION FOR REARGUMENT.

On July 14, 1933, the following opinion was filed:

PER CURIAM.

Upon petition for reargument the respondents invite our attention to the fact that the trial of this case occurred prior to the adoption of the district court rule referred to in the opinion. Nevertheless, the misconduct of counsel was of such a character that the trial court of its own motion should have corrected it at the time. We so expressed our views in the original opinion.

The majority also adheres to the views expressed in the original opinion with reference to contributory negligence.

Rehearing denied.